[No. 14141.   Department Two.   November 27, 1917.]

IRVIN YOUNG, *Respondent*, v. R. A. WILSON *et al.*,
*Appellants.*[1]

INSURANCE—CASUALTY INSURANCE—ASSIGNMENT.  A casualty com-
pany issuing a jitney bus bond, covering only accidents arising from
the negligent or unlawful act of the principal, his agents or em-
ployees, is not liable for an accident happening while the car was
operated by an assignee of the principal; Rem. Code, § 5562-8, pro-
viding that no license to operate a jitney shall be transferred from
one person to another.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered November 25, 1916, upon find-
ings in favor of the plaintiff, in an action for personal in-
juries sustained by a pedestrian struck by a jitney bus, tried
to the court.   Reversed.

*Boyle, Brockway & Boyle* and *Henry S. Noon*, for appel-
lants.

MORRIS, J.—This is an appeal in a personal injury case,
but since the appeal is by the casualty company alone, only
those facts need be considered which affect its liability.

The defendant Wilson was at one time the owner of a
Studebaker car which he was operating in Tacoma as a jitney
under bond, in which the casualty company was surety.   Prior
to the accident, the defendant Peterson was the owner of a
Stoddard-Dayton car which he desired to operate as a jitney.
Wilson, having ceased to operate his car as a jitney, Peter-
son went to the office of the county auditor of Pierce county
and made application to transfer the license under which
Wilson had operated from the Studebaker car to the Stod-
dard-Dayton car, in the application stating that Wilson was
the owner of the Stoddard-Dayton car.   Wilson and Peterson
then went to the office of the agent of the casualty company,
whom Peterson had visited before, and made application for

[1]Reported in 168 Pac. 1137.

a bond, and was informed by the casualty company that it was no longer authorized to write bonds nor to transfer bonds already written, except from one car to another when operated and owned by the same licensee. On this second visit, the bond already issued to Wilson upon the Studebaker car was changed so as to cover the Stoddard-Dayton car under the ownership of Wilson. This transfer being filed with the secretary of state, a jitney permit was issued to Wilson to drive the Stoddard-Dayton instead of the Studebaker car, to which his jitney permit had theretofore applied. Wilson then attempted to assign this permit to drive the Stoddard-Dayton as a jitney to Peterson, and it was while Peterson was operating this Stoddard-Dayton car, through an agent as driver, that the accident occurred.

Under these facts, it seems clear to us that no liability can be enforced against the casualty company. The bond covered only accidents arising from the negligent or unlawful act of Wilson, his agent or employees, and did not cover a jitney owned or operated by any other person. Section 8 of the automobile code, being § 5562-8, Remington's Code, provides that no license shall be transferred from one person to another, but may be transferred from one car to another when duly authorized by the secretary of state. Under this section, while it is competent to transfer the license and the liability under the bond from one car to another when both cars are owned by the same person, it is not permissible to assign any license so that it shall cover a jitney owned and operated by another person.

The lower court seems to have been impressed with the belief that the casualty company knew of the transfer of the jitney license from Wilson to Peterson and that it acquiesced in the attempted transfer of the bond, but we do not believe that the facts justify such a finding.

The judgment as to the casualty company is reversed.

ELLIS, C. J., CHADWICK, HOLCOMB, and MOUNT, JJ., concur.