[No. 14245.   Department One.   February 6, 1918.]

CATHERINE McDONALD, *Respondent,* v. J. A. LAWRENCE
et al., *Appellants.*[1]

MASTER AND SERVANT—LESSEE OR EMPLOYEE—JITNEYS—QUESTION
FOR JURY.   In an action on a jitney bond, whether the driver of a
jitney bus was an employee or lessee of the owner was a question
for the jury, where he testified that he was driving for the owner,
that he hired the car from him at the rate of $3 per day, bought his
own gasoline and oil, and that the owner furnished everything else
and kept up the car; especially since a contract of letting rather
than an employment would be in violation of public policy under
Rem. Code, §§ 5562-37 to 5562-41, requiring jitney bonds.

MUNICIPAL CORPORATIONS—STREETS—JITNEYS — BONDS — LIABILITY
OF SURETY.   Under Rem. Code, §§ 5562-37 to 5562-41, requiring a per-
mit for "each motor vehicle" carrying passengers for hire in cities
of the first class, and a bond indemnifying any one injured by the
operation of the specific machine when operated by the owner or
under his direction or permission, the surety is liable for injuries
resulting from a machine for which the owner secured the permit,
although operated by a lessee; since any contract that would defeat
the purpose of the statute would be void as against public policy.

Appeal from a judgment of the superior court for
King county, Jurey, J., entered November 18, 1916,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for personal injuries sustained
by a pedestrian struck by a jitney bus.   Affirmed.

*Henry S. Noon* and *Bradford, Allison & Egan,* for
appellants.

*Wright & Huntoon,* for respondent.

FULLERTON, J.—The respondent was run over and
injured by a jitney bus on a street of the city of Se-
attle, while it was being operated by one H. F. Krueger
under an oral contract with the owner, J. A. Lawrence.
An action for the recovery of damages was instituted
against the appellants Lawrence and wife and the Pa-
cific Coast Casualty Company, the surety upon the

[1]Reported in 170 Pac. 576.

statutory bond given in accordance with Laws of 1915, ch. 57, p. 227 (Rem. Code, §§ 5562-37 to 5562-41). A judgment was rendered against all the appellants upon a verdict returned by a jury. The appellants assign as errors the insufficiency of the evidence and the giving and refusing of instructions.

The various assignments of error made by the appellants are discussed by them under three general heads, the first of which is that the driver of the jitney bus was not the agent, servant, or employee of Lawrence at the time of the accident for which the respondent seeks damages. The only evidence showing the relationship of Krueger, the driver, to Lawrence, the owner of the jitney bus, was the testimony of Krueger, as follows:

"I was driving for Mr. J. A. Lawrence at the time of the accident, . . . I hired the car from Mr. J. A. Lawrence at the rate of $3 per day only. All I did was to buy my own gasoline and oil and Mr. Lawrence had practically no say whatever where I was supposed to run the automobile. . . . I had an arrangement with Mr. Lawrence to hire the car at $3 a day. Nothing was said at the time of hiring the car about bonding the car. I did not know how it was bonded, but had an idea that all jitneys were bonded. . . . My only duty was to run the car for my own benefit after paying my $3. . . . There was no such agreement at all about depositing $3. We always paid after the shift was in. Never did pay in advance. There was no such thing about my being a partner with Mr. Lawrence. All I did was to hire the car from Mr. Lawrence. I bought my own gasoline and oil. Mr. Lawrence furnished everything else and kept up the car. It was always supposed to be in good running order."

It is the claim of the appellants that this evidence shows a bailment or lease of the automobile by Lawrence to Krueger, whereby the appellants would be exonerated from any liability for the negligence of

Krueger, and that the court should have directed a verdict in favor of the appellants. We think this testimony of the witness Krueger is susceptible of either one of two constructions, namely, that he was the lessee of appellant Lawrence or that he was an employee. This would naturally present a question for the jury, and the inference from the evidence adopted by them would be controlling. See *Ottomeier v. Hornburg,* 50 Wash. 316, 97 Pac. 235, where it is held that the question of whether an automobile driver was an employee or lessee of defendant was properly one for the jury on conflicting evidence. But should we agree with appellants that the evidence under discussion presented a question of law for the court, in that it clearly showed a letting rather than an employment, we would be compelled to hold against appellants on the ground that the contract was in violation of public policy. The legislature has unmistakably announced the policy of the state as to the manner in which the carriage of passengers for hire by motor vehicles in cities of the first class is to be regulated, and any contract entered into which would be evasive of the dominant purpose of the act would be void. For that reason, the contract between Lawrence and Krueger could not be construed otherwise than as a contract of employment. And, indeed, since such an inference can be readily drawn from the evidence, it ought to be so construed, in view of the fact that no other relation would be justified under the purport of the regulative statute.

The next contention of appellants is that, conceding that Lawrence may be estopped to deny that the driver of the jitney was his agent or employee, such estoppel would not apply to the casualty company, for the reason that the latter had no knowledge of any arrangement between Lawrence and Krueger as to the operation of the automobile. Their claim is based upon the

rule that a surety is entitled to have his contract strictly construed and is not liable if any alteration is made in the scope of the contract as entered into. We are unable to see the application of that rule to such a case as this. The contract of the surety was one of indemnity to any one injured by the operation of this specific machine when operated by the owner under his direction or by his permission. The statute provides that such bond shall be furnished ''for each motor vehicle'' employed as was the one involved here. As stated in *Bartlett v. Lanphier,* 94 Wash. 354, 162 Pac. 532, the dominant purpose of Laws of 1915, ch. 57, p. 227 (Rem. Code, §§ 5562-37 *et seq.*), is to require that motor vehicles carrying passengers for hire in cities of the first class should be operated only under permit and bond. The contract of the casualty company was addressed to injuries resulting from the operation of a jitney bus for which the owner had secured a permit, and the liability would still inhere for such machine, regardless of the owner's method of operation. We think there is no element of estoppel that can be invoked by the surety.

Contention is made that the court erred in giving the following charge to the jury:

''If any evidence has been given here tending to show the renting or leasing of the automobile in question by defendants Lawrence to the driver Krueger, you are instructed that any agreement between Lawrence and Krueger which would involve the violation of the statutes of this state regulating the operation of automobiles for hire would to that extent be void on the ground of public policy. And if you find from the evidence that at the time of the accident the automobile was owned by the defendants Lawrence, or either of them, and was being driven by Krueger as a passenger carrier for hire with the consent of said defendants Lawrence, or either of them, then they are both liable for the negligence, if any, of Krueger, and under the

same theory the defendant Pacific Coast Casualty Company is liable to an amount not exceeding $2,500.''

The chief objection of the appellants is to the announcement that any arrangement between Lawrence and Krueger amounting to the renting of the automobile for the jitney business would be a contract in violation of the bonding law and hence void. The objection is not well taken. The object of the law is clearly to deny the right to operate automobiles as passenger carriers in first class cities without the obtaining of a permit from the city authorities and the giving of a bond for the protection of the public against any personal injuries resulting from such operation. Any contract of the licensee tending to shift liability from himself and his bondsman and at the same time allow him to reap a benefit either in rental or a share of the profits must necessarily be construed as a device for evading the effect of the law. As we have said, the permit and bond cover a specific machine, and any contract which would defeat the statute would necessarily be void as against public policy.

Error is further assigned upon the refusal of the court to give certain instructions requested by the appellants upon the matter of contributory negligence of the respondent and upon the question of comparative negligence between her and the driver of the automobile. Inasmuch as these questions were fully covered by the court in its instructions, error cannot be predicated upon the refusal to give those requested by the appellants. The other requests made by the appellants, while appropriate under their theory of the law, were inapplicable under the theory taken by us and need no further notice.

The judgment is affirmed.

ELLIS, C. J., WEBSTER, PARKER, and MAIN, JJ., concur.