[No. 14555.  Department One.  April 17, 1918.]

DAVID PETERS, *Respondent*, v. CASUALTY COMPANY OF
AMERICA, *Appellant*.[1]

MUNICIPAL CORPORATIONS—STREETS—NEGLIGENCE OF DRIVER OF JIT-
NEY—OWNERSHIP OF CAR—EVIDENCE—STATUTES—PRESUMPTION.   Un-
der Rem. Code, § 5562-13, providing that, upon the sale of any motor
vehicle, delivery shall not be deemed to have been made until the
vendor removes his license plates, in an action for personal injuries
suffered through the negligence of the driver of a jitney, bonded
by the defendant surety company and carrying the license number
issued to the principal in the bond, it will be conclusively presumed
that he owned the car, operated under his permit and license num-
ber, although he had executed a contract purporting to convey all
title to another and voluntarily left his license number on the car
pursuant to an understanding of all the parties to the sale.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.  A new trial for newly
discovered evidence is properly overruled where the evidence could
not be properly regarded as newly discovered, and would not be
likely to obtain a different verdict.

Appeal from a judgment of the superior court for
King county, Tallman, J., entered March 12, 1917,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action in tort.  Affirmed.

*Bradford, Allison & Egan,* and *Henry S. Noon,* for
appellant.

*MacKinnon & Schooley, E. H. Guie,* and *J. A. Guie,*
for respondent.

PARKER, J. — This action was commenced by the
plaintiff Peters against the defendants, Schwartz and
wife and the Casualty Company, seeking recovery of
damages claimed to have been suffered by him through
the negligence of Schwartz, acting by his agent, in the
operation of his automobile for hire in the city of
Seattle.  The Casualty Company was made a defend-

[1]Reported in 172 Pac. 220.

ant, because it had executed a bond as surety with Schwartz as principal, in pursuance of ch. 57, Laws of 1915, p. 227, Rem. Code, § 5562-37 *et seq.*, relating to motor vehicles as passenger carriers in cities of the first class; so that, in so far as the action is against the Casualty Company, it is an action upon the bond. Trial in the superior court for King county sitting with a jury resulted in verdict and judgment against the Casualty Company in the sum of $1,875, from which it has appealed to this court.

It is contended in appellant's behalf that there was a failure of proof of ownership of the car in Schwartz at the time respondent was injured by its operation, and that appellant had been released from the obligation of its bond because Schwartz had then sold the car, which was then being operated by another person. The bond upon which recovery is sought was executed and filed in the office of the secretary of state on April 24, 1916, and thereupon a permit was issued under chapter 57, Laws of 1915, p. 227 (Rem. Code, § 5562-37 *et seq.*), to Schwartz to operate his car for hire in the city of Seattle. Schwartz had theretofore received his license for this car for the year 1916, the license number being 36,388 which is the number specified in the bond as descriptive of the car. Thereafter, on May 25, 1916, Schwartz executed a contract of sale for the car, and thereafter other contracts were executed, all purporting to transfer the title of the car to other persons. While there are some circumstances shown in the record which suggest that Schwartz had at all times retained some interest in the car, we shall assume, for argument's sake, that, as between him and subsequent purchasers under these contracts, he parted with all interest in it. The license number plates for the year 1916 issued to Schwartz and placed upon the car by him were never removed by him or any other

person during that year and the automobile was continued to be operated for hire under that number. Indeed, it seems highly probable that the number plates were left on the car in pursuance of the understanding of all the parties to these contracts of sale. So that, in so far as the license number plates and the license and bond records of the state relating to the operation of automobiles for hire are concerned, the public was, in effect, advised that the car belonged to Schwartz and was being operated by him for hire. The car was being so operated for hire in the city of Seattle on June 27, 1916, when respondent was injured, as he claims, by the negligence of its driver, at the intersection of Spring street and Third avenue.

Section 13, ch. 142, Laws of 1915, p. 391 (Rem. Code, § 5562-13) reads in part as follows:

"Upon the sale of any motor vehicle the delivery thereof shall not be deemed to have been made until the vendor shall have removed his number plates therefrom." . . .

This provision of the general motor vehicle law and the facts above noticed, we conclude, answers the contention made in appellant's behalf that there was no proof of the ownership of the car by Schwartz at the time respondent received his injury. It seems to us that Schwartz having failed to remove his license number plates in compliance with the mandatory provisions of this section, he must be conclusively presumed to be the owner and operator of the car at least during the year 1916, and that it must be conclusively presumed as against him that whoever was in fact operating the car with the license number plates of Schwartz voluntarily left thereon by him was doing so as his agent. These acts, both passed at the 1915 session of the legislature, were the law as it existed when the appellant executed the bond as surety with Schwartz. We

think it follows that Schwartz, being thus the owner of the car in so far as the rights of the public are concerned, at the time respondent was injured, appellant is also liable as surety upon the bond. Our recent decision in *McDonald v. Lawrence,* 100 Wash. 215, 170 Pac. 576, contains observations made by Judge Fullerton, speaking for the court, quite in harmony with this conclusion.

Counsel for appellant cite and rely upon a number of decisions dealing with the question of the weight of presumptions as against evidence tending to overcome them. We think the rule as announced by such decisions is not applicable here, in view of the provisions of § 13, Laws 1915, p. 391 (Id., § 5562-13), as above quoted. In other words, we think the statutory rule there prescribed is in effect a conclusive presumption as against the owner of the car who voluntarily leaves his license number plates thereon when he sells it. That is, in so far as the rights of the public are concerned under the general motor vehicle statute and the statute under which the bond of appellant was given, such owner of the car is conclusively presumed to remain the owner.

Counsel for appellant cite and rely upon our recent decision in *Young v. Wilson,* 99 Wash. 159, 168 Pac. 1137. That was a case where there was involved an attempted transfer of the license number from one machine to another owned by a different person, and not a case of an owner voluntarily leaving his license number plates upon his machine when he sold it. We think that decision is not controlling here.

It is contended in appellant's behalf that respondent was guilty of contributory negligence, and that it should be so decided as a matter of law. This question was presented to the trial court by appropriate motions. We have reviewed the evidence with care looking to the proper determination of this question,

and are thoroughly convinced that it was for the jury to decide, and that the court could not decide, as a matter of law, that the driver of the machine was not guilty of negligence or that respondent was guilty of contributory negligence.

It is finally contended in appellant's behalf that it is entitled to a new trial because of newly discovered evidence. This contention is presented to us in appellant's brief within the space of one-half page thereof; in fact, it is practically nothing but a claim of error rather than an argument in support thereof. We feel justified in disposing of it in an equally summary manner. We have, however, read the affidavits presented in support of and in opposition to the motion for new trial, and are quite convinced that they do not show any evidence which in law could be regarded as newly discovered, and read as a whole they seem to render it quite unlikely that a different verdict would be returned by a jury upon a new trial, even if the evidence so claimed to be newly discovered were presented to a jury.

The judgment is affirmed.

ELLIS, C. J., MOUNT, and HOLCOMB, JJ., concur.