[No. 16172.   Department One.   March 17, 1921.]

J. B. HORNER, *Respondent,* v. LENA H. KILMER *et al.,*
*Appellants.*[1]

APPEAL (389)—REVIEW—COMPLAINT—AMENDMENTS.  In an action
against husband and wife and sureties upon a jitney-car bond, the
supreme court will consider the complaint as presumptively amended
to conform to the proof, where it was alleged that plaintiff was in-
jured by the negligent operation of a jitney car owned and operated
by the community consisting of husband and wife, and the finding
was that the wife was the owner and operator, and the husband the
driver of the car as her employee, and the appeal from a judgment
against the wife and the surety on the bond was brought up on the
transcript alone, without a statement of facts.

MUNICIPAL CORPORATIONS (354-1)—STREETS—JITNEYS—BONDS—LIA-
BILITY OF SURETY.  The liability of a surety upon a jitney-car bond
being dependent, under the statute, upon the operation of the car and
not its ownership, it is immaterial that judgment goes against one,
and not all, of the principals on the bond.

Appeal from a judgment of the superior court for
King county, Frater, J., entered June 12, 1920, upon
findings in favor of plaintiff, after a trial before the
court without a jury, in an action in tort.  Affirmed.

*Morris B. Sachs,* for appellants.

*Elias A. Wright* and *Sam A. Wright,* for respondent.

BRIDGES, J.—This is a suit for damages resulting
from the collision, on the streets of Seattle, between
an automobile owned by the plaintiff and a jitney or
for hire car owned and operated by the defendants,
Lena H. Kilmer and W. H. Kilmer, who were made
defendants, as was also the Mutual Union Insurance
Company, which had previously become surety on the
bond given by Kilmer and wife, pursuant to statute.
The complaint alleged that the jitney was owned and

[1]Reported in 196 Pac. 646.

operated by the community consisting of Kilmer and wife, and that the damage to plaintiff was the result of negligence in the operation of the jitney. There was a judgment in favor of the plaintiff and against the defendant Lena H. Kilmer and the insurance company. The judgment debtors have appealed. The case was tried by the court without a jury. It is here only on the transcript, there being no statement of facts.

The appellants take the position that the findings of fact made by the court are not justified under the pleading and that the judgment is not supported by the findings.

The findings are to the effect that Mrs. Kilmer was the owner and operator of the jitney, and that her husband, W. H. Kilmer, drove the car as her employee and servant; that, before starting the operation of the jitney, Kilmer and wife made application to the defendant Mutual Union Insurance Company to become surety on the necessary statutory bond, Laws of 1915, ch. 57, p. 227; that the bond was executed by Mr. and Mrs. Kilmer, as principals, and the insurance company, as surety; that the accident was caused by the negligence of W. H. Kilmer, who was driving the jitney for the owner, Mrs. Kilmer. It was further found that, after the trial of the case, but before judgment had been rendered, Mr. Kilmer died, and that the action as to him abated.

The appellant first contends that, inasmuch as the complaint alleged that the jitney was owned and operated by the community consisting of the husband and wife, there could not be any judgment except one against the community and the insurance company. In other words, there could not be a judgment against one of the community and the surety. We cannot agree with this contention. From the findings, we

must assume that the evidence showed that the jitney was owned and operated by Mrs. Kilmer, and not by herself and her husband, as alleged in the complaint. Under these circumstances, the plaintiff would have had a right to have the complaint amended so as to allege such a state of facts. We cannot tell from the record that it was not so amended, and with the consent of the defendants. But in the absence of an application of the plaintiff to have the complaint amended to meet the facts as developed by the testimony, the court would be entitled, in a case of this character, to treat the complaint as amended, particularly if the testimony was received without objection. We then have before us a complaint which alleges that Mrs. Kilmer was the owner and operator of the car, and that her husband acted as her servant in the capacity of driver. Under these circumstances, it would be entirely proper for the court to give judgment against Mrs. Kilmer and the insurance company. The liability would not be that of the community. Mr. Kilmer might be severally liable for his negligent driving of the car and Mrs. Kilmer might be liable because of the negligence of her servant.

Whether the cause of action against Mr. Kilmer, if any existed, abated as a result of his death, need not be determined. The plaintiff has been willing to accept a judgment against the two other defendants and waive any judgment against Mr. Kilmer or his personal representatives. This he certainly had a right to do. Indeed, he might have dismissed his action entirely as to Mr. Kilmer and have maintained it as to the other two defendants.

But the appellant insurance company contends that, because it became surety on a bond executed by Kilmer and wife, as principals, there cannot be any judgment against it unless there is also a judgment against

both of the principals. This cannot be correct. The liability to one who has been injured cannot depend upon the fact that either or both of the principals on the bond are owners of the car. The suretyship concerns the car and its operation and not its ownership. *McDonald v. Lawrence,* 100 Wash. 215, 170 Pac. 576.

The judgment is affirmed.

PARKER, C. J., MACKINTOSH, HOLCOMB, and FULLERTON, JJ., concur.