### DAVIS, Agent, v. SLOCOMB.

(Circuit Court of Appeals, Ninth Circuit. April 16, 1923. Rehearing Denied May 14, 1923.)

No. 3950.

1. **Railroads** ⬦⟹350(1, 13)—**Negligence and contributory negligence held for jury.**

In action for death of occupant of automobile hit by train at crossing, *held*, that denial of defendant's motion for instructed verdict because of plaintiff's failure to prove negligence was proper, and that the question of contributory negligence was also for the jury.

2. **Negligence** ⬦⟹90—**Failure of deceased automobile owner to remove license plates on giving car to son held not conclusive that deceased was owner, chargeable with son's negligent driving at crossing.**

In action for death of occupant of automobile hit by train at crossing, where there was proof that the decedent had bought the automobile originally, and that a vehicle license issued in his name so stood of record at the time of the accident, and there was testimony that he had given the car to his son, it would·not be conclusively presumed, from the fact decedent permitted his license number to remain on the car after giving it to his son, that decedent was the owner and therefore chargeable with the son's negligence in driving, notwithstanding the Washington statute

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

providing that, "upon the sale of any motor vehicle the delivery thereof shall not be deemed to have been made until the vendor shall have removed his number plates therefrom," etc. (Laws Wash. 1915, p. 291, § 13); such statute being inapplicable to the case.

3. **Master and servant** ⬩⇒330(1)—**Statutory rule of evidence of ownership of licensed automobile for protection of person injured by negligent driving.**

The statute of the state of Washington, providing that on the sale of any motor vehicle the delivery thereof shall not be deemed to have been made until the vendor has removed his license number plates, is in the nature of a police regulation for the protection of the public, to enable one injured by the negligent driving of an automobile to identify the person liable by a public record showing the license of the vehicle.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by Marion C. Slocomb, administratrix of the estate of Wilson M. Slocomb, deceased, against James Cox Davis, as Agent. Judgment for plaintiff, and defendant brings error. Affirmed.

A judgment was recovered in the court below for damages for the death of the plaintiff's decedent, who was killed in a collision between the automobile in which he was riding and a railroad train of the Great Northern Railway Company. The negligence charged in the complaint is in substance that the train was run at an excessive speed through the town of Monitor and across its public highway, where many pedestrians, automobiles, and conveyances were crossing almost constantly; that the defendants failed to give signal by bell or whistle before crossing said highway; that they permitted a large number of freight cars to remain standing on the industry track in the town of Monitor, leaving scarcely sufficient width of highway for an automobile to pass, and obstructing the view of approaching trains; that they permitted the highway, where it crossed the right of way and tracks, to get out of repair, and neglected to plank the roadway between said tracks and rails; that they permitted empty box cars to stand and remain upon the side tracks at Monitor, leaving only sufficient space for passing machines; that they maintained warehouses along the tracks, so placed as to obstruct the view of its tracks; that the crossing was dangerous, and the defendants had been frequently notified of its dangerous character, but had failed to employ a watchman or install gates or gongs or other devices for the safety of the driving public; and that the defendants neglected to take any steps to check the said train after the decedent was seen in the act of crossing the tracks.

Thomas Balmer and Edwin C. Matthias, both of Seattle, Wash., for plaintiff in error.

Wm. Martin and H. A. Martin, both of Seattle, Wash., for defendant in error.

Before GILBERT, MORROW, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). **[1]** Error is assigned to the denial of the defendant's motion for an instructed verdict in its favor for the plaintiff's failure to prove her allegations of negligence. There was evidence that the decedent, together with his son, 16 years of age, and another man, were riding in a Chevrolet roadster through the town of Monitor. All three knew how to drive automobiles. The decedent was familiar with the road as it passed through Monitor. Not long before the date of the acci-

dent, he had written to the railroad company, pointing out the dangers of the crossing, and requesting that steps be taken to make it more safe. He himself had been a railroad man for some 16 years. His son was a competent and experienced driver. There were three railway tracks at the crossing. On the day of the accident, box cars were spotted on the industry track on either side of the crossing. From the industry track to the passing track was 22.9 feet, and between the passing track and the main track the distance was 10.32 feet. There was evidence that on the day of the accident the decedent while at his home heard train No. 1 pass Monitor going west. He took it to be train 26 going east, for train No. 1 was more than two hours late, and was passing at the time when 26 should have been going by. There was evidence that at the time of the collision, the train was running at a speed of from 60 to 65 miles an hour. It struck the rear end of the automobile when it was nearly across the track and practically cut off the rear end of the machine. The bodies of the occupants were thrown through the air a distance of 120 feet. There was evidence that the train had failed to give the half-mile station whistle or the customary two long and two short whistles for the crossing at the quarter-mile post, or to ring the bell as it approached the highway. The engineer testified, however, that he gave a whistle a mile before reaching Monitor, and just before the engine struck the automobile he gave four whistles, two long and two short; that he did not give a danger whistle, because he did not think it was necessary; that he thought the automobile was going to stop; and that for the same reason he failed to put on the air brakes. He testified, also, that he thought the automobile would get across, and for that reason he did not put the air on, and he said that, if the automobile had kept on going at the same speed, it would have gotten across before it was struck. In view of all evidence, it is very clear that the trial court would not have been justified in taking the case from the jury. Indeed, as we read the testimony, we find it difficult to see how the jury could have failed to find that there was negligence on the part of the defendants and that such negligence was the proximate cause of the accident.

The question of the contributory negligence of the decedent and his son was submitted to the jury under proper instructions. This court has held that the negligence of the driver of an automobile will not as a matter of law be imputed to a passenger or guest who is riding in the machine, although the latter must exercise due and reasonable care for his own protection and safety, Hines v. Johnson (C. C. A.) 264 Fed. 465. The occupants of the machine in this case were perhaps misled by hearing the whistle of train No. 1 going west two hours late, and running on the time of No. 26 going east, and by their failure to hear any signal of the approaching train. It may have been that their vision was obstructed by the standing empty box cars and the freight cars, some of which were being unloaded on trucks. There was the further fact that the sound of the rapids of the river nearby was sufficient at times to drown all sound of approaching trains. Under the circumstances, the question of contributory negligence was peculiarly one for the jury.

[2, 3] There was evidence tending to show that the decedent was the owner of the automobile. There was evidence, on the other hand, that his son was the owner. The court instructed the jury that the owner of an automobile, who rides in it while it is driven by another, is answerable for the latter's negligence, and that if the decedent was the owner, and the driver was found to be negligent, and that such negligence was in any degree a contributing cause of the collision, the plaintiff was not entitled to recover. The plaintiff in error contends that it was entitled to an instruction that the decedent was in law the owner of the automobile. This contention is based upon a statute of the state of Washington which provides as follows:

"Upon the sale of any motor vehicle, the delivery thereof shall not be deemed to have been made until the vendor shall have removed his number plates therefrom and the vendee shall have secured a license therefor and placed the new number plates thereon." Laws Wash. 1915, p. 391, § 13.

The proof was that the automobile had been purchased by the decedent and a vehicle license had been issued in his name, and that it so stood of record at the time of the accident; but there was testimony that he had given the car to his son. In Peters v. Casualty Co. of America, 101 Wash. 208, 172 Pac. 220, the court, in construing the statute, held that, in a case of an action for personal injuries suffered through the negligence of the driver of an automobile, it would be conclusively presumed that, "so far as the rights of the public are concerned," the person to whom the vehicle license has been issued was the owner of the car, if he permitted his license number to remain on the car after he had executed a contract purporting to convey the title to another.

In the case at bar we are not convinced that it was error to refuse the requested instruction. The state statute so cited is in the nature of a police regulation for the protection of the general public, to enable one who is injured by the negligent driving of an automobile to localize responsibility and to identify the person answerable therefor by a public record showing the licensee of the vehicle. The case at bar is not within the evil intended to be remedied by the statute. The plaintiff in error had no occasion to know who was the licensed owner of the automobile in question, and it could make no difference to it whether the car belonged to the decedent or to his son or to some other person.

We find no error. The judgment is affirmed.