G. A. STOWERS FURNITURE CO. et al. v. BICHON. (No. 8239.) *

(Court of Civil Appeals of Texas. Galveston. June 28, 1923. Rehearing Denied Oct. 4, 1923.)

1. **Appeal and error** &#9082;1062(5)—**Submission of immaterial issue of negligence not prejudicial where findings on other issues fix liability.**

In an action for damages sustained from a collision of the car in which plaintiff was riding with a disabled, unlighted, truck, where the jury found proximate causes of the injury sufficient to fix liability on defendants, submission of the immaterial issue of negligence in the failure of the truck owner to have its truck equipped with a lighting system which would furnish lights regardless of whether the motor was in operation or not *held* not prejudicial.

2. **Municipal corporations** &#9082;705(11)—**Issue as to cause of collision held properly refused.**

In an action for injuries sustained when the car in which plaintiff was riding collided with

&#9082;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error dismissed for want of jurisdiction November 21, 1923.

a disabled and unlighted truck which had collided with a disabled wagon, refusal of the court to submit an issue as to whether the car in which plaintiff was riding would have collided with the wagon had the truck not first collided with it *held* proper, since the truck owner could not relieve itself from liability for injuries caused by its negligent act concurring with that of another on the ground that the negligence of the other would of itself have caused the injury.

**3. Trial ⚖==351(5)—Denial of issue as to negligence of driver leaving disabled truck in street held not error where issue otherwise submitted.**

In an action for injuries sustained by plaintiff when the car in which she was riding collided with a disabled and unlighted truck, where the court had submitted an issue as to whether the driver of the truck had used "ordinary care to guard and watch the truck and to warn approaching vehicles of its presence," *held*, that denial of an additional issue as to whether the truck driver had done what a reasonably prudent person would have done under the circumstances to secure necessary assistance in removing the truck was not error.

**4. Damages ⚖==132(1)—Damages for personal injuries in auto collision held not excessive.**

$12,500 damages for injuries sustained in an automobile collision *held* not excessive.

**5. Carriers ⚖==11—Evidence identifying defendant's rent car held sufficient to render bonding company liable for injuries to passenger.**

Evidence as to the license number of defendant's rent car involved in a collision causing injury to plaintiff, a passenger, and that such license number was given in a bond as the number of one of the cars covered thereby, and the fact that none of the cars for the operation of which the bond was given were otherwise described, *held* a sufficient identification of the car, in the absence of contrary evidence, to render the defendant bonding and surety company liable to the extent of the bond.

**6. Carriers ⚖==11—Mutuality of contract between bonding company and passenger in car held to sustain liability of company.**

Where a municipal ordinance under which a bond given by a rent car owner was executed provided that "said bond may be sued upon in the name of the party injured by a breach thereof, and it shall not be void upon one recovery but may be sued upon from time to time until the whole amount of the penalty is recovered," *held*, that the bonding company, in an action by a passenger injured while riding in such rent car, could not avoid liability on the ground that there was no mutuality of contract.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by Mamie Bichon against Emil Jamail, the Lion Bonding & Surety Company, and the G. A. Stowers Furniture Company. Judgment for plaintiff, and defendants appeal. Affirmed.

Fouts & Patterson and Campbell, Myer & Freeman, all of Houston, for appellants.

Cole & Cole and R. J. Jones, all of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against Emil Jamail, the Lion Bonding & Surety Company, and G. A. Stowers Furniture Company to recover damages for personal injuries. The petition alleges, in substance, that plaintiff was injured as the result of a collision of an automobile, in which she was riding as a passenger, and which was owned and operated by the defendant Jamail, and a furniture delivery truck owned and operated by the defendant furniture company. The circumstances under which the collision occurred are alleged as follows:

"That on the 23d day of January, about 8:30 p. m., she entered a rent car of the defendant, Jamail, to be taken from her place of business at Main and Congress avenue in the city of Houston to her home in the southern portion of the said city; that at that time it was very dark, and a heavy rain was falling, and, as the rent car in question, Ford sedan, in which she was riding, was being driven out Austin street at a rapid and dangerous rate of speed, and in violation of an ordinance of said city, it collided with a truck of the Stowers Furniture Company, which had been left and permitted to remain on Austin street in such a position as to obstruct the street, with no lights on it, and particularly with no red light in the rear, and was left without any one in charge or without any warning or signal of any character around it to warn approaching vehicles of its presence. Plaintiff further pleaded section 1302, subd. 26, of the city ordinance, which requires that all automobiles operating between one-half hour after sunset and one-half hour before sunrise shall be provided with at least two lighted lamps visible from a reasonable distance in the direction toward which the vehicle is going and one red light attached to the rear of such vehicle. Plaintiff further alleged specific acts of negligence against the driver employed by Jamail, and as further negligence against the defendant Stowers Furniture Company alleged that it was negligent in leaving and permitting its automobile truck to remain on Austin street so that it impeded the safe and free passage along said street, and in that it placed said truck on said street and permitted it to remain thereon without guard or watchman, or in any manner warning approaching vehicles of the presence of said truck at the point where same was situated. She asked damages in the sum of $20,000, doctor's bills, $174, and $33, value of her clothing."

The surety company was made a defendant under allegations charging that it had executed an indemnity bond as surety for the defendant Jamail by which it became liable in the amount named in said bond for any damages caused by the operation of his rent car in a manner violative of the ordinances of the city of Houston.

⚖==For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant, Stowers Furniture Company, answered by a general demurrer and general denial, and further specifically pleaded that on the occasion of the accident in question the driver of its truck, while driving his truck in a careful manner, ran into a wagon that had been left by its owner on the streets without a light on it of any sort; that force of the collision with the wagon damaged the defendant's truck so that the motor was disabled to such an extent that the engine could not run and that the fender was bent down upon the tire so that it was impossible for the driver to move the truck; that the truck in question was a Ford truck, with the lights connected directly to the motor, and that the electricity that furnished the lights to the truck was generated by the motor, and therefore, since the engine or motor was disabled so that it could not run, the lights would not burn; that the driver of the truck, as soon as he discovered the condition, went as quickly as possible to the nearest telephone for help, and, although gone from the truck only a few minutes, the rent car in which plaintiff was riding ran into the truck which was still standing immediately behind and against the wagon in question. The defendant further pleaded that the fact that the truck was on the streets without a light at the time and place in question was not due to any act of this defendant, but to the act of the unknown owner of the wood wagon. The defendant Stowers Furniture Company further pleaded that the rent car in which plaintiff was riding would have struck the wagon in question if the defendant's truck had not previously hit it, and on account of the damages received remained immediately behind the wagon.

The appellant surety company answered by general demurrer and special exception to plaintiff's petition, the nature of which will be hereinafter indicated, and by general and special denial. It specially pleaded that the collision was not caused by the negligence of the driver of the defendant Jamail's car, but was the result of the negligence of the driver of the furniture truck in the matters alleged in plaintiff's petition, and prayed that, in event judgment be rendered against it in any amount, it have judgment for such amount against its codefendant, Stowers Furniture Company.

The trial in the court below with a jury resulted in a verdict and judgment against all the defendants. The judgment against the defendants Jamail and Stowers Furniture Company is joint and several for the sum of $12,500, and of this amount the surety company was adjudged liable in the sum of $500. The verdict of the jury was upon special issues. Among other findings of the jury in response to the special issue submitted are the following:

"Special issue No. 3. Was the Ford sedan in which the plaintiff was riding at the time she received the injuries complained of, if any, operated by the defendant Emil Jamail? Answer 'Yes' or 'No,' as you find the facts to be."

The jury answered: "Yes."

"Special issue No. 4. Was the Ford sedan in which the plaintiff was riding at the time she received the injuries complained of, if any, owned by the defendant Emil Jamail? Answer 'Yes' or 'No,' as you find the facts to be."

The jury answered: "Yes."

"Special issue No. 5. Was the driver of the rent car operating the same at the time of the collision at a rate of speed in excess of 10 miles an hour? Answer 'Yes' or 'No,' as you find the facts to be."

The jury answered: "Yes."

"Special issue No. 6. Was the driver of the rent car at the time of the collision operating the same at a rate of speed greater than that which a person of ordinary prudence would have operated same under the circumstances? You will answer 'Yes' or 'No,' as you find the facts to be."

The jury answered: "Yes."

"Special issue No. 7. Was the rate of speed at which you may believe the driver of the rent car was operating the same at the time of the accident the proximate cause of the collision? You will answer 'Yes' or 'No,' as you may find the facts to be."

The jury answered: "Yes."

"Special issue No. 10. Did the driver of the truck, after it collided with the wagon, use ordinary care under all the circumstances to guard and watch said truck and to warn approaching vehicles of its presence? You will answer 'Yes' or 'No,' as you find the facts to be."

The jury answered: "No."

"Special issue No. 11. If you have answered the preceding issue 'No,' then answer: Was his failure so to do a proximate cause of the collision? Answer 'Yes' or 'No,' as you find the fact to be."

The jury answered: "Yes."

"Special issue No 12: Was it negligence on the part of the driver of the truck, after it had collided with the wagon, to fail to provide a red light on the back of said truck? Answer 'Yes' or 'No,' as you find the fact to be."

The jury answered: "Yes."

"Special issue No. 13. If you have answered the preceding special issue 'Yes,' then state: Was such negligence a proximate cause of the collision? Answer 'Yes' or 'No,' as you find the fact to be."

The jury answered: "Yes."

"Special issue No. 14. Were such injuries, if any, or any of them, caused in whole or in part by some third person breaking the glass in the side of the car, and in taking, or attempting to take, plaintiff from the car through the opening so made? Answer 'Yes' or 'No,' as you find the fact to be."

The jury answered: "No."

The evidence was sufficient to sustain each and all of these fact findings. That appellee was injured in a collision between a jitney car in which she was riding as a passenger for hire and a truck belonging to appellant Stowers Furniture Company which had been

left standing, on a dark, rainy night, in the street along which the jitney car in which appellee was being carried to her home was being driven, and that there was no light on the truck, and no one there to give a warning of its presence, is shown by the undisputed evidence. This truck, the motor of which had been so damaged by a collision with a broken-down wagon, which had been left in the street by some unknown person, that the truck could not be moved and its lighting system could not be operated, was left in this condition by its driver for more than an hour before the car in which appellee was riding collided therewith. The evidence further shows that the car in which appellee was riding at the time of the collision was being driven at a dangerous rate of speed in excess of the speed permitted by the city ordinances, and that said car was owned and being operated at the time by the defendant Emil Jamail. Such being the evidence, no complaint against the findings of the jury on the ground that they are not supported by the evidence can be sustained.

[1] These acts of negligence on the part of the defendants which the jury found were proximate causes of appellee's injury fix the liability of the defendants, and it is immaterial that other issues of negligence insufficient to establish such liability may also have been submitted to the jury. It follows that, if the trial court erred, as contended by appellant Stowers Furniture Company, in submitting as an issue of negligence the failure of said company to have its truck equipped with a lighting system which would furnish lights regardless of whether the motor was in operation, the findings of the jury upon the other issues of negligence above set out render such error harmless.

[2] There is no merit in the appellant's contention that the court erred in refusing to submit the following issues requested by it:

"Would the Ford limousine in which plaintiff was riding at the time of the accident have collided with the wagon struck by the truck of the G. A. Stowers Furniture Company if the G. A. Stowers Furniture Company truck had not first collided with the wagon? Answer 'Yes' or 'No,' as you may find the facts to be."

The appellant cannot relieve itself from liability for injuries caused by its negligent act concurring with that of another on the ground that the negligence of the other party would of itself have caused the injury.

[3] Appellant also complains of the refusal of the court to give the following special charge:

"Did, or did not, the driver of the truck of the defendant Stowers Furniture Company, after the said truck collided with the wagon, do what a reasonably prudent person would have done under the same or similar circumstances to secure the necessary assistance in order to get the truck removed from the street? You will answer this question 'Yes' or 'No,' as you find the fact to be."

The driver of the truck had testified that after his collision with the wagon, when he found that his motor was so disabled that the truck could not be moved or its lights made to burn, he left the truck and went to a drug store two or three blocks distant to telephone for assistance, and that while he was on this mission, which only consumed 10 or 15 minutes, the collision in which appellee was injured occurred. We do not think the court erred in refusing this charge. The jury were properly instructed as to the meaning of the word "negligence" and the term "ordinary care" as used in the charge; and in submitting the question of whether the driver of the truck used "ordinary care to guard and watch the truck and to warn approaching vehicles of its presence" we think the issue of whether he was negligent in leaving the truck to go for assistance was sufficiently submitted.

The questions of whether the injury from which plaintiff was suffering was caused by the manner in which she was attempted to be taken from the car after the collision by third parties, or was due to physical ailments existing prior to the accident, were sufficiently submitted in the charge of the court, and there was no error in refusing the charges on these issues requested by the appellant.

[4] We have carefully considered all the evidence in this case, and in our opinion it is sufficient to sustain the finding that the injury from which plaintiff is now suffering is the direct result of the injury received in the collision, and that the verdict of the jury awarding her damages in the sum of $12,500 is not an award of excessive damages, and there is nothing in the record to justify the conclusion that such verdict resulted from passion, prejudice, or any improper motive. Our conclusion that the evidence supports the finding that the car in which appellee was being driven at the time of her injury was owned and being then operated by the defendant Emil Jamail disposes of the question presented by the first assignment of the Lion Surety Company.

[5] The second contention of this appellant, which is that the bond sued on by appellee did not cover the operation of the car in which she was riding at the time of her injury, cannot be sustained. The car in which appellee was injured is shown to have had licence No. 387698. This license number was given in the bond as the number of one of the cars covered thereby, and none of the cars for the operation of which the bond was given was otherwise described. We think this was sufficient identification of the car, there being no evidence to the contrary.

[6] The third assignment of this appellant attacks the judgment on the ground pre-

sented in its ·special exception to plaintiff's petition, which is that there is no mutuality of contract between appellee and the surety company, the bond sued on being given to the city of Houston, and there being no provision therein that it was for the benefit of ·appellee. The ordinance under which the bond was executed contains the provision that—

"The said bond may be sued upon in the name of the party injured by a breach thereof, and it shall not be void upon one recovery, but may be sued on from time to time until the whole amount of the penalty is recovered."

We think this provision of the ordinance became a part of the bond, and entitles appellee to maintain suit thereon. American Automobile Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534; Milliron v. Dittman, 180 Cal. 443, 181 Pac. 779; Horner v. Kilner, 115 Wash. 67, 196 Pac. 646.

Without setting out or discussing the propositions presented by appellants in detail, we have, in what we have before said, passed upon all of the questions presented by the briefs. In our opinion the judgment should be affirmed; and it is so ordered.

Affirmed.