**WESTPHALEN et al. v. BANKERS INDEMNITY CO.**

No. 10286.

Circuit Court of Appeals, Ninth Circuit.

March 31, 1943.

Albert M. Hardie, of Oakland, Cal., for appellant Westphalen and another.

Frank W. Taft, of Ukiah, Cal., for appellant Zanella.

Charles B. Morris and Carroll B. Crawford, both of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

The judgment from which this appeal was taken, adjudicated that appellee was not liable, under an automobile liability insurance policy issued by it, for damage resulting from an accident, and restraining prosecution of any proceedings on the policy.

An automobile accident occurred involving an automobile driven by the individual appellants and a truck and trailer covered by the insurance in question, issued by appellee. Appellee brought this action to obtain a judgment declaring that it had no liability for the damage resulting from the accident in question, because the insurance policy had been breached and because it did not cover the accident in question since by its terms the policy did not cover losses incurred while the truck and trailer were leased.

The policy contained certain warranties and conditions regarding garaging of the truck, and territorial limits in the use thereof. The court below found facts which disclosed violations of the warranties and conditions by the insured, but in view of the "Termination Of Coverage Endorsement", those particulars are unimportant. Under the heading of "Exclusions" the policy provided:

"This policy does not apply:

"(a) while the automobile is * * * rented under contract or leased, unless such use is specifically declared and described in this policy and premium charged therefor * * *"

Rental of the truck was not a use declared and described in the policy, and no premium was charged therefor.

Attached to the policy was an endorsement entitled "Termination Of Coverage Endorsement" which provided in part:

"It is agreed that such Public Liability (Bodily Injury Liability) and Property Damage Liability Insurance as is afforded by the policy of which this endorsement is a part shall not terminate or become void for any reason whatsoever, except by the annual expiration of said policy, any statement in the policy or in any endorsement issued in connection therewith to the contrary notwithstanding, until after ten-days' notice thereof in writing shall have been given by the insurer to the Railroad Commission of the State of California at its office in the State Building, San Francisco, California, said period of ten days to commence to run from the date said notice is actually received at said office of the Commission.

*    *    *    *    *    *

"It is further agreed that it is not the intention of this endorsement to alter the exclusions of the policy of which it forms a part."

The policy in question was issued pursuant to the requirements of the Highway Carriers' Act of California which provides that the California Railroad Commission shall, in granting permits to operate as highway carriers, require such carriers "to procure and continue in effect during the life of the permit, adequate protection * * * against liability imposed by law upon such highway carrier for the payment of damages" for specified things. St.1935, p. 880, § 5. Section 7, St.1937, p. 2009, provides in part:

"The protection against liability as outlined in section 5 hereof must be continued in effect during the active life of the permit, and the policy of insurance * * * shall be not cancellable on less than ten (10) days written notice to the Railroad Commission. * * *"

The court below found that the truck had not been garaged as required by the policy, had not been used in the restricted territory provided in the policy, and that the truck had been leased. Judgment was entered for appellee providing that appellee was not liable under the policy in question for the damages sustained by the individual appellants, and making permanent a preliminary injunction, restraining prosecution of any proceedings by appellants, theretofore issued. This appeal followed.

The court below found that the truck and trailer were leased at the time of the accident, and that finding is not challenged here. Therefore, by virtue of the express provisions of the endorsement, the policy did not cover the accident in question, unless it can be said that the provision in the endorsement, that "it is not the intention of this endorsement to alter the exclusions of the policy of which it forms a part", is inoperative or void.

Appellants contend: (1) that the policy in question was required by statute as a means of protection for the public and should be construed to effectuate the objects and purposes of the regulatory stat-

ute; (2) that so construed, the "Termination of Coverage Endorsement" nullified the provisions of the policy asserted by appellee; (3) that the policy could not have been canceled except by giving 10 days' notice which was not given; (4) that the limitations in the policy were contrary to the express purpose and object of the statute and are therefore void as against public policy.

Regarding the second contention, there is nothing in the endorsement which nullifies any provisions of the policy except those providing for cancellation of the policy. The provision in question is not a provision dealing with cancellation. Regarding the third contention, there is no argument that the policy was *canceled*. On the contrary, it is conceded that the policy was in force at the time of the accident. Therefore, the policy does not cover the accident in question, since the provision of the endorsement, quoted in the preceding paragraph, expressly excludes liability, unless it can be said that the provision of the endorsement is void, as against public policy because contrary to the express purpose and object of the statute.

So far as the statute is concerned, the purpose thereof seems to be to require "adequate protection * * * against liability imposed by law". No legislative history of the statute is cited. Not a single California case has been cited construing the act in question. We are, therefore, compelled to determine from the bare words of the statute whether its purpose was to prohibit such exclusions, as the one in question, in this type of policy. The only indication in the statute regarding the matter is the requirement of "adequate" insurance. The word "adequate" is a relative term and is of little help.

Section 1 of the act, St.1937, p. 2007, provides that the term "highway carrier", as used in the act "means every corporation or person, their lessees * * *". It thus appears that the Railroad Commission is authorized to require lessees to procure and continue in effect the "adequate" insurance. That being so, there would appear to be no reason at all why the act should require both the lessor and the lessee to carry insurance, and there is no indication in the statute that both are so required. It seems to us, therefore, that since the lessee must procure the insurance, there is nothing in the act which indicates that a policy, limiting the coverage thereof to

operations of the person who procured the insurance and excluding liability for operations of a lessee, is contrary to the purpose of such act.

Consolidated Shippers v. Pacific E. Ins. Co., 45 Cal.App.2d 288, 292, 114 P.2d 34, relied on by appellants, is not controlling. It did not involve the act in question, and the policy contained an endorsement so broad as to exclude practically any defense under the policy. No such provision is before us. Kruger v. California Highway Indem. Exch., 201 Cal. 672, 258 P. 602, and McDonald v. Lawrence, 100 Wash. 215, 170 P. 576, also relied on by appellants, are distinguishable for a number of reasons, the important one, absent here, being that the statute in each case required that the insurer's liability should be co-extensive with that of the insured.

Affirmed.