[No. 13870-4-III.   Divison Three.   July 27, 1995.]

J & J DRILLING, INC., *Petitioner*, v. STEVEN M. MILLER, *Respondent*.

---

*J. Steve Jolley*, of *Herman, Herman & Jolley*, for petitioner.

*Carl E. Heuber*, of *Winston & Cashatt*, for respondent.

SCHULTHEIS, J. — This dispute arose from the drilling of two water wells. J & J Drilling, Inc., sued Steven Miller in District Court for breach of contract, claiming damages of $4,719.25. Mr. Miller counterclaimed. The court entered judgment for J & J Drilling. Mr. Miller appealed to the Superior Court, which reversed for lack of subject matter jurisdiction because the counterclaim requested damages in excess of $25,000, the District Court jurisdictional limit. We reverse the Superior Court.

Mr. Miller hired J & J Drilling to drill a well. They agreed on a price of $8 per foot for drilling and $7.50 per foot for casing. A site was selected and drilling commenced in October 1989, but was stopped at 600 feet without obtaining an adequate water supply. The well was cased to 186 feet. Mr. Miller paid J & J Drilling's $6,828.94 bill.

In June 1990, J & J Drilling agreed to try again, at a reduced rate of $5 per foot for drilling and $7.50 per foot for casing. The well was drilled to a depth of 620 feet and casing was installed to 151 feet, but again the water supply was inadequate. Mr. Miller refused to pay J & J Drilling's bill of $4,719.25.

In August 1991, J & J Drilling filed suit in District Court, claiming breach of contract and requesting damages of $4,719.25 plus interest, attorney fees and costs. In September 1991, the Department of Ecology ordered Mr. Miller and J & J Drilling to make the wells serviceable or abandon them according to regulatory procedures. Also in September, Mr. Miller answered the complaint and counterclaimed for negligent construction of the wells and violation of the Consumer Protection Act (CPA). He requested that J & J Drilling be required to pay the costs of bringing the wells into compliance with state regulations and to pay treble damages up to $10,000 for the CPA violation.

In December, J & J Drilling offered to settle for $2,500. Mr. Miller did not accept the offer.

In March 1992 Mr. Miller moved for leave to add counterclaims for negligent misrepresentation, intentional misrepresentation and negligent infliction of emotional distress. Third party Larry Jepson moved to intervene and join Mr. Miller in his counterclaims against J & J Drilling. The court denied Mr. Jepson's motion and denied Mr. Miller's motion to add a claim for negligent infliction of emotional distress; it granted Mr. Miller's motion to add the misrepresentation claims. Mr. Miller's amended answer and counterclaim was filed as originally drafted and never corrected to reflect the court's order. His prayer for relief reads:

> Having fully answered the plaintiff's complaint and having set forth affirmative defenses and having alleged a counterclaim and violation of the *Washington Consumer Protection Act* herein, Defendants request that judgment be entered as follows:
>
> 1. That plaintiff's complaint be dismissed with prejudice and attorneys' fees and costs be taxed against the plaintiff.
>
> 2. That plaintiff be required to pay for the repairs to the wells to bring them into compliance with state regulations.
>
> 3. That defendants be awarded damages on their counterclaim in excess of $25,000 or in the alternative in an amount to be proven at trial.
>
> 4. That defendants recover treble damages, up to $10,000, and reasonable attorneys' fees for plaintiff's violation of the *Washington Consumer Protection Act*.
>
> 5. For such other and further relief as the court deems just, equitable and appropriate.

In preparation for bench trial in May 1992, the parties filed trial briefs. In his trial brief, Mr. Miller alleged:

## IV.

## DAMAGES

As a direct and proximate result of J&J Drilling's fraudu-

lent misrepresentations, negligent misrepresentations and violations of the *Consumer Protection Act*, Steve Miller has incurred the costs for unnecessary drilling and casing, been exposed to liability to the Department of Ecology for noncompliance with the statutes and regulations governing well construction and has also incurred costs and attorneys' fees. The *Consumer Protection Act* provides for an award of attorneys' fees and costs when a plaintiff prevails on a *Consumer Protection Act* claim. Further, the court has the discretion to treble the damages as a means of inhibiting further deceptive practices.

Trial finally commenced in August 1992, in the District Court. In his closing argument, counsel for Mr. Miller requested the following damages:

| | |
|---|---|
| $ 3,608.94 | The amount Mr. Miller overpaid, based on his argument that both wells together should have cost a total of $3,220 |
| $ 1,500.00 | The estimated cost of salvaging the first well and bringing it into conformance with state regulations |
| $ 400-800 | To seal or abandon the second well in accordance with state regulations |
| $ 5,508.94 | Total requested, plus prejudgment interest, for the claims of negligent drilling and misrepresentation[1] |
| $10,000.00 | CPA damages, trebled, plus costs and attorney fees |

The court ruled against Mr. Miller. After determining it had jurisdiction of the parties and the subject matter of the lawsuit, the court granted judgment to J & J Drilling in the principal sum of $4,719.25, plus prejudgment interest in the sum of $1,179.81, costs of $190 and reasonable attorney fees of $9,657 pursuant to RCW 4.84.250.

In September 1992, Mr. Miller appealed to the Superior Court, challenging the judgment in favor of J & J Drilling on his counterclaims. In December, the appeal was stayed

---

[1]In his answers to J & J Drilling's interrogatories, Mr. Miller estimated the total cost of unnecessary drilling was $5,600 and indicated he would seek additional sums for the casings and for bringing the wells into compliance with regulations.

because Mr. Miller had filed a bankruptcy petition. In September 1993, Mr. Miller added additional claims of error, including a challenge to the District Court's jurisdiction. The Superior Court ruled the District Court should have removed the case to Superior Court when Mr. Miller filed his amended answer and counterclaim containing the damage demand in excess of $25,000, which exceeded the court's jurisdictional limit.[2] The court reversed the judgment for lack of subject matter jurisdiction. After denial of its motion for reconsideration, J & J Drilling petitioned this court for discretionary review. Our Commissioner granted the motion, finding review to be appropriate under RAP 2.3(d)(3). Although the parties agreed this court should review all issues presented by the appeal, pursuant to RAP 2.4(a), only the jurisdiction issue has been briefed. The issue is one of first impression in Washington.

J & J Drilling contends Mr. Miller's amended counterclaim should be interpreted as alleging damages within the District Court's $25,000 jurisdictional limit. It argues that by proceeding in District Court, Mr. Miller waived the right to seek more than the court's jurisdictional limits. Mr. Miller contends the filing of his amended answer and counterclaim divested the District Court of its jurisdiction and made removal mandatory. He argues subject matter jurisdiction cannot be conferred by waiver or estoppel, thus reversal was necessary. J & J Drilling presents the better argument. We discern no legal or rational basis for permitting Mr. Miller to try his case in District Court, then when he loses, to obtain reversal for lack of subject matter jurisdiction because he alleged dam-

---

[2]RCW 3.66.020 provides district courts shall have jurisdiction and cognizance of most civil actions for damages "[i]f the value of the claim or the amount at issue does not exceed twenty-five thousand dollars, exclusive of interest, costs, and attorneys' fees[.]"

CRLJ 14A(b), concerning claims in excess of jurisdiction, provides:

"When a defendant, third party defendant, or cross claimant in good faith asserts a claim in an amount in excess of the jurisdiction of the district court or seeks a remedy beyond the jurisdiction of the district court, the district court shall order the entire case removed to the superior court".

ages far exceeding his proof, his theories of recovery and his requests for damages made before and during trial.

▮ Under RCW 3.66.020, "the value of the claim or the amount at issue" is determinative of jurisdiction. 21 C.J.S. *Courts* § 25(a), at 31-32 (1990) enunciates a generally accepted, commonsense approach to determining how to ascertain the amount at issue:

> In general, the amount actually put in controversy determines the jurisdiction of the court, and that which a party in good faith seeks to obtain determines the amount in controversy, and, except where statutes require the amount to be determined on specified items in certain cases, all the relief demanded must be considered in order to determine the amount in controversy for jurisdictional purposes. However, an allegation of damages not recoverable must be disregarded.
>
> The court may investigate in order to determine the real amount, . . . and wherever the real amount in controversy is made to appear, this is the controlling criterion of jurisdiction, even though it may be different from the amount demanded in the complaint or otherwise alleged in the pleadings. The real amount, as shown by the evidence produced at the trial, governs on a question of jurisdiction when the allegations are in conflict with it, and the amount shown by the record and the pleadings, taken as a whole, when these disclose the real sum in dispute, is determinative of the question of jurisdiction.

(Footnotes omitted.)

▮ Here, Mr. Miller's allegation of damages "in excess of $25,000" must be disregarded. First, that amount was not recoverable under any of the theories presented in the counterclaims upon which trial proceeded and upon which proof was offered, although it arguably could have been recoverable under the rejected emotional distress claim. Mr. Miller did not, in good faith, seek to recover $25,000. As noted, in discovery and at trial he sought approximately $5,600, increased to $10,000 under the CPA. Second, Mr. Miller's prayer for relief provided an alternative to the claim for damages in excess of $25,000: damages "in an

amount to be proven at trial". The proof he presented at trial was for damages well within the court's jurisdictional limit.

CRLJ 15(b) authorizes amendment of the pleadings to conform to the evidence. Mr. Miller's amended answer and counterclaim should be deemed amended to delete the emotional distress claim and the alternative demand for excessive damages not requested at trial. *See Harding v. Will*, 81 Wn.2d 132, 136, 500 P.2d 91 (1972); *Horner v. Kilmer*, 115 Wash. 67, 69, 196 P. 646 (1921). The real amount of Mr. Miller's litigated counterclaims did not exceed the District Court's jurisdictional limit; thus, he did not waive subject matter jurisdiction nor was the court divested of it by the mere filing of his amended pleadings.

■■ Moreover, although it is true that estoppel cannot be the basis for conferring subject matter jurisdiction upon a court, *Jones v. Department of Corrections*, 46 Wn. App. 275, 279, 730 P.2d 112 (1986), that is not what occurred here. The court had jurisdiction because the amount of the plaintiff's claim did not exceed $25,000 and the amount of the defendants' allowed and litigated counterclaims also did not exceed $25,000. Mr. Miller is estopped from obtaining a new trial by exploiting an ambiguity he created, because, by bringing his case to trial in the District Court on the merits, he adopted by his actions an interpretation of his pleadings that sustains the court's jurisdiction. *See Babcock v. Antis*, 94 Cal. App. 3d 823, 828, 156 Cal. Rptr. 673 (1979). In other words, he abandoned his claim for damages in excess of $25,000 and proceeded on his alternative claim for damages in an amount to be proven at trial, an amount which was within the court's jurisdiction.

J & J Drilling is entitled to attorney fees on appeal pursuant to RAP 18.1, and RCW 4.84.290, which provides for an award to the prevailing party when that party would

be entitled to attorney fees under RCW 4.84.250.[3] Although J & J Drilling's request covers its appeal in Superior Court as well, we find no specific authority for an award of those fees by this court.

We reverse the judgment of the Superior Court and reinstate the judgment of the District Court.

SWEENEY, A.C.J., and MUNSON, J., concur.

Review denied at 128 Wn.2d 1011 (1996).

---

[3]RCW 4.84.250 authorizes an award of reasonable attorney fees to the prevailing party in damage actions of $10,000 or less and RCW 4.84.260 deems as the prevailing party a plaintiff who recovers as much or more than the amount the plaintiff offered in settlement.