[No. 30746-1-I.  Division One.  December 30, 1993.]

CAROLYN CULLITON, *Respondent,* v. SHARON
VANHOOF, *Petitioner.*

---

*Gail Crawford,* for petitioner.

*Zane B. Johnson* and *Johnson & Crane,* for respondent.

WEBSTER, C.J. — Sharon VanHoof appeals a superior court order dismissing her appeal from a small claims court judgment for lack of jurisdiction. VanHoof argues that her right to appeal the small claims court judgment was established by the fact that the judgment against her exceeded $100. We agree.

### FACTS

In March 1991, Carolyn Culliton sued VanHoof in small claims court alleging that VanHoof, owner of the R&S Hay Company, sold her 12.72 tons of defective hay. VanHoof filed a counterclaim against Culliton for $2,000. Subsequently, VanHoof filed a second counterclaim for $615.18. The small claims court judge entered judgment against VanHoof in the amount of $1,180.

The superior court judge dismissed VanHoof's appeal for lack of jurisdiction because VanHoof had filed a counterclaim for $615.18, below the $1,000 statutory minimum required for appeal. RCW 12.40.120. VanHoof appeals.

RCW 12.40.120 governs whether the Superior Court had jurisdiction. This is the first case to interpret the statute since 1988 amendments to it. Prior to 1988, RCW 12.40.120 read as follows:

> No appeal shall be permitted from a judgment of the small claims department of the district court where the amount

claimed was less than one hundred dollars nor shall any appeal be permitted by a party who requested the exercise of jurisdiction by the small claims department.

The two pre-1988 cases that interpreted the statute did so in such a way that a party against whom judgment was entered could appeal if the adverse judgment exceeded $100. *Valley v. Hand*, 38 Wn. App. 170, 172, 684 P.2d 1341, *review denied*, 103 Wn.2d 1006 (1984); *Speer v. Roney*, 52 Wn. App. 120, 122, 758 P.2d 10, *review denied*, 111 Wn.2d 1025 (1988). However, no appeal was permitted by a party who invoked the exercise of small claims jurisdiction. By filing a counter-claim, a defendant invoked the jurisdiction of the small claims court. *Roney*, at 122. Thus, a plaintiff claiming under $100, losing, and receiving an adverse judgment for any amount greater than $100, could appeal. A noncounterclaim-ing defendant could also appeal where he or she received an adverse judgment exceeding $100. However, where a defend-ant did counterclaim, the defendant could not appeal.[1]

In 1988, the Legislature amended the statute to provide:

No appeal shall be permitted from a judgment of the small claims department of the district court where the amount claimed was less than one hundred dollars. No appeal shall be permitted by a party who requested the exercise of jurisdiction by the small claims department where the amount claimed was less than one thousand dollars.

The amended statute is less than a model of clarity because it creates the incongruous situation of creating two mone-tary bars to a defendant's appeal.

Here, in applying the statute, the Superior Court, under-standably but erroneously, focused only on the statute's second

---

[1]The two courts above interpreted "amount claimed" as amount of judgment imposed. This interpretation may have arisen in *Valley v. Hand, supra,* where Mr. Valley was awarded the amount claimed, making the amount claimed and the amount of the judgment synonymous. We question this interpretation of the statute. As written, the statute bars a party's appeal where the claim underlying a judgment is under $100. This literal reading is problematic, however, because it leaves without recourse to appeal a plaintiff claiming under $100 but adjudged liable on counterclaim much larger than $100. Fortunately, we do not have to resolve this dilemma, because both the claim underlying the judgment and the judgment itself exceed $100. The Legislature may, however, want to direct its attention to this problem.

monetary bar. The court found that VanHoof filed a counter-claim for $615.18, and correctly held that RCW 12.40.120 did not allow VanHoof to appeal because she requested the exercise of jurisdiction by the small claims court by filing a counterclaim for under $1,000.[2]

■ VanHoof's right to appeal the small claims court judgment has, however, not been extinguished. The superior court judge failed to address the statute's first monetary bar. Here, the judgment against VanHoof exceeded the statutory minimum, $100. Thus, under RCW 12.40.120, VanHoof is entitled to appeal the $1,180 judgment.

We remand for trial.

COLEMAN and FORREST, JJ., concur.

---

[2]Although VanHoof's other counterclaim, for $2,000, would have given the Superior Court jurisdiction to hear an appeal from the small claims court, she abandoned the counterclaim. Neither small claims court nor the Superior Court referred to the $2,000 counterclaim, and VanHoof at no point objected, assigned error to, or raised the issue of the $2,000 counterclaim before those tribunals. Thus, she abandoned the $2,000 claim. *Bellevue v. Kravik,* 69 Wn. App. 735, 850 P.2d 559 (1993).