[No. 32707-1-I.   Division One.   July 25, 1994.]

FIDEL LIERA, ET AL, *Respondents*, v. PASQUALE J. SENATORE, JR., ET AL, *Petitioners*.

*Pasquale J. Senatore,* pro se.
*C. Thomas Moser,* for respondents.

PEKELIS, J. — Pasquale Senatore appeals from an order of the Skagit County Superior Court dismissing his appeal from a judgment entered against him in the small claims department of the Skagit County District Court. He contends that the trial court misinterpreted the jurisdictional amount provision of RCW 12.40.120 and erroneously determined that he had failed to meet the deadline for the filing of a transcript under CRLJ 75(b). We affirm.

I

In 1992, Fidel and Guadalupe Liera commenced a lawsuit against Pasquale Senatore in Skagit County District Court. The Lieras sought to recoup a $600 rental deposit they alleged had been retained by Senatore in violation of the Residential Landlord-Tenant Act of 1973, RCW 59.18. In the complaint, the Lieras sought a judgment against Senatore for the principal sum of $600, together with double damages, reasonable attorney fees, and costs pursuant to RCW 59.18.280.

At the request of Senatore, the case was transferred to the small claims department of the district court pursuant to RCW 12.40.025. A hearing was held on January 14, 1993, after which the small claims court entered a judgment against Senatore in the amount of $778.25, together with attorney fees and costs of $1,031.

On January 26, 1993, Senatore filed a Notice of Appeal with the district court. The Notice of Appeal was filed with the superior court on February 8. The "Transcript of Pro-

ceedings of Appeal" was filed with the superior court on February 22.

The Lieras brought a motion to dismiss, contending (1) Senatore had no right of appeal under RCW 12.40.120 because he had invoked the jurisdiction of the small claims court and the amount of the claim was under $1,000, and (2) Senatore had violated CRLJ 75(b) by failing to file the transcript within 14 days of the notice of appeal.

First, finding that "[t]he original amount in controversy and claimed by Liera was $600", the court concluded that "[p]ursuant to RCW 12.40.120 Senatore has no right of appeal because Senatore invoked the jurisdiction of the small claims court when the amount of controversy and claim made by Liera was less than $1,000". Second, finding that Senatore had filed a notice of appeal on January 26 and a transcript of proceedings on February 22, the court concluded that "Senatore failed to file a transcript with the Superior Court Clerk within 14 days after filing the Notice of Appeal as provided in CRLJ 75(b)". Accordingly, the court entered an order dismissing the appeal and remanding to the district court for enforcement proceedings.

Senatore appeals.

## II.

The judgment of a small claims court is appealable in only limited circumstances:

> No appeal shall be permitted from a judgment of the small claims department of the district court where the amount claimed was less than one hundred dollars. No appeal shall be permitted by a party who requested the exercise of jurisdiction by the small claims department where the amount claimed was less than one thousand dollars.

RCW 12.40.120. Senatore argues that although he was the party who requested the exercise of small claims jurisdiction, it is clear from the Plaintiffs' complaint that the "amount claimed" was greater than the $1,000 jurisdictional threshold. We agree.

In *Culliton v. VanHoof*, 72 Wn. App. 323, 864 P.2d 415 (1993), we noted that the term "amount claimed" in section

.120 has been on occasion equated with "amount of judgment imposed". 72 Wn. App. at 325 n.1; *see, e.g., Speer v. Roney*, 52 Wn. App. 120, 122, 758 P.2d 10 ("the party against whom judgment is entered may appeal, only if the adverse judgment is in excess of $100"), *review denied*, 111 Wn.2d 1025 (1988). Although the *VanHoof* court questioned this interpretation, it did not resolve the issue. We believe that the earlier decisions interpreting section .120 contrary to its plain language are clearly erroneous. The plain meaning of the term "amount claimed" is the amount placed in controversy. *See* Black's Law Dictionary 83 (6th ed. 1990) (defining amount in controversy as "The damages claimed or relief demanded by injured party in dispute; the amount claimed or sued for in litigation.").

Here, the Lieras' claim against Senatore clearly exceeded the $100 statutory minimum. Thus, the first statutory bar in section .120 did not prohibit Senatore's appeal. As for the second statutory bar, although Senatore did request the exercise of jurisdiction by the small claims court, the Lieras' claim exceeded the $1,000 monetary threshold established in the second sentence of section .120. The Lieras prayed for monetary relief in the amount of $600, together with double damages pursuant to RCW 59.18.280. Ordinarily, exemplary damages permitted by governing law may be included in determining whether a jurisdictional amount in controversy requirement has been met. *See* 14A Charles A. Wright et al., *Federal Practice* § 3702, at 44 & n.63 (1985). Furthermore, the Lieras cite no authority for the proposition that a request for double damages should not be considered part of the amount claimed. Thus, we hold that the Lieras' request for double damages under section .280 of the landlord-tenant act rendered the "amount claimed" greater than $1,000.[1]

---

[1]We recognize that in *Culliton v. VanHoof*, 72 Wn. App. 323, 864 P.2d 415 (1993) we read the two sentences of section .120 as providing separate bases for jurisdiction, *i.e.*, even if the appellant invoked small claims jurisdiction on a claim of less than $1,000, that party is entitled to an appeal if the amount exceeds the $100 statutory minimum. 72 Wn. App. at 325-26. We cannot adhere to this interpretation. The statute is more naturally read to establish two independent jurisdictional bars, *either* one of which precludes appellate jurisdic-

Accordingly, the trial court's conclusion that RCW 12.40.120 barred Senatore's appeal was erroneous.

The dismissal in this case cited alternative grounds, and we affirm the judgment based on the trial court's additional conclusion that Senatore's appeal was untimely. However, the panel has determined that the disposition of this issue has no precedential value. Thus, the balance of this opinion will not be published, but it has been filed as a public record. *See* RCW 2.06.040.

WEBSTER, C.J., and KENNEDY, J., concur.

Reconsideration denied September 1, 1994.

Review denied at 125 Wn.2d 1022 (1995).

tion over a small claims judgment. Here, because neither bar is applicable, the superior court had jurisdiction over the appeal.