[No. 1321-2.    Division Two.    February 28, 1975.]

THE STATE OF WASHINGTON, *on the Relation of Harry McCool, Appellant,* v. THE SMALL CLAIMS COURT OF THE JEFFERSON COUNTY DISTRICT COURT *et al., Respondents.*

*Calmar A. McCune,* for appellant.

*A. Clemens Grady,* for respondents.

PETRIE, J.—This is an appeal from a superior court order dismissing a writ of certiorari initially issued to review an order of the small claims department of a district court which had ordered a new trial in that department of the court.

Mr. McCool was a defendant in an action tried before Judge Harry Holloway III in the small claims department of Jefferson County District Court of Port Townsend. During the trial, Mrs. Hixson, the plaintiff's wife, made reference to the fact that she was acquainted with and was a special friend of the other judge of that court. After hearing all the evidence, the court found for Mr. McCool and dismissed the plaintiff's action. Mrs. Hixson then sent a letter to the hearing judge and requested a new trial, claiming that substantial justice had not been done. Judge Holloway reviewed the request and, without prior notice to the parties, ordered a new trial. He informed both parties of the decision. The order was challenged by writ of certiorari, the writ issued, and a show cause hearing was set. Judge Holloway's affidavit, filed in response to the order to show cause, reiterated his reason for granting the new trial:

> Affiant gave consideration to Mrs. Hixson's contentions and concluded that inasmuch as she made mention and alluded to her friendship with Mr. A. Clemens Grady, Judge of the District Court, affiant may have overreacted in an attempt to avoid any appearance of a conflict of interest or impropriety and actually precluded Mrs. Hixson from having a fair hearing.

The Superior Court upheld Judge Holloway's order and dismissed the writ of certiorari. From this order, Mr. McCool appeals.

Mr. McCool contends first that the small claims department of a district court has no authority to grant a new trial. We find that authority under at least three sources: RCW 12.40, RCW 2.28.150, and the court's own internal inherent powers resulting from its organization.

First, the legislature's intent, in creating the small claims department, was to provide a forum where litigants could obtain speedy, inexpensive and conclusive justice. See RCW 12.40.090 and .110. To accomplish that purpose the legislature limited the procedural rights afforded a party. The pleadings are informal and the rules of evidence and

procedure are relaxed at the hearing. RCW 12.40.080 and .090. The litigants may not be represented by counsel at the hearing and the judgment of the court is essentially conclusive. RCW 12.40.080 and .110. After a judgment, the party against whom judgment is entered may appeal, only if the adverse judgment is in excess of $100. However, no appeal is permitted by a party who invoked the exercise of small claims jurisdiction. RCW 12.40.120.

■ We find nothing in RCW 12.40 evidencing any legis-·lative intent to limit the *power* of the district court operating within its small claims department. RCW 12.40.080[1] in fact, specifically provides that the judge may "give judgment or make such orders as may by him be deemed to be right, just and equitable for the disposition of the controversy." By ordering the new trial, the small claims department of the court was making an "order . . . [it] deemed . . . equitable for disposition of the controversy."

■ Secondly, once jurisdiction has been conferred upon a court, RCW 2.28.150[2] is sufficiently broad to supply any deficiency of procedure which has been omitted in the primary grant of jurisdiction. *State ex rel. McAvoy v. Gilliam,* 60 Wash. 420, 111 P. 401 (1910). We hold that the intent of

---

[1]RCW 12.40.080 provides:

"No attorney at law nor any person other than the plaintiff and defendant, shall concern himself or in any manner interfere with the prosecution or defense of such litigation in said department without the consent of the justice of said justice's court; nor shall it be necessary to summon witnesses, but the plaintiff and defendant in any claim shall have the privilege of offering evidence in their behalf by witnesses appearing at such hearing, and the justice may informally consult witnesses or otherwise investigate the controversy between the parties, and *give judgment or make such orders as may by him be deemed to be right, just and equitable for the disposition of the controversy.*" (Italics ours.)

[2]RCW 2.28.150 provides:

"When jurisdiction is, by the Constitution of this state, or by statute, conferred on a court or judicial officer all the means to carry it into effect are also given; and in the exercise of the jurisdiction, *if the course of proceeding is not specifically pointed out by statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the laws.*" (Italics ours.)

RCW 2.28.150 is sufficiently broad to permit a small claims department of district court to order a new trial. Certainly, the procedure of ordering a new trial to correct its own error is conformable to the spirit of RCW 12.40.

██ Third, a court of limited jurisdiction, although not a court of record, does possess certain inherent powers which flow from its organization and which are essential to its existence and the due administration of justice. *O'Connor v. Matzdorff*, 76 Wn.2d 589, 458 P.2d 154 (1969); *State ex rel. McFerran v. Justice Court*, 32 Wn.2d 544, 202 P.2d 927 (1949).

This inherent power permits a court to waive prepayment of statutory court fees in civil cases. *O'Connor v. Matzdorff, supra.* It also permits a justice of the peace to disqualify himself on the grounds of bias and prejudice, and to transfer the complaint to another justice. *State ex rel. McFerran v. Justice Court, supra.*

Judge Holloway ordered the new trial because of bias on his part in conducting the original hearing. Under these circumstances the power to order a new trial is essential to the proper administration of justice. Indeed, it is essential to preserve the integrity of the judicial process.

██ The appellant next contends that by denying him the right to notice and a hearing before the court ordered the new trial, he was denied due process of law under the Constitution of the State of Washington and the United States Constitution. We disagree. We certainly recognize the importance of the due process requirements, but we are also cognizant that these requirements may vary depending on the proceeding. Important due process rights are tailored in small claims departments to enable the court to function both expeditiously and fairly. *See State ex rel. Long v. McLeod*, 6 Wn. App. 848, 496 P.2d 540 (1972). For example, the parties have no right to a jury trial in small claims departments. The plaintiff waives the right by his choice of the forum; the defendant's right appears to be satisfied by his right to a trial de novo on appeal. In both instances, neither party is denied due process for they have

access to these important rights at *one stage of the proceeding.*

The district judge in his small claims department must not only weigh the evidence to administer justice; in many instances he must also examine and cross-examine the parties and the witnesses to find the truth. In this case, Judge Holloway already had heard all the evidence. The new trial was ordered for reasons peculiarly within the personal knowledge of the court. Although Mr. McCool was not given the opportunity to be heard before the court ordered a new trial, he still has the opportunity to defend himself in the new hearing before the small claims department of the court. We conclude that under the circumstances, ordering the new trial does not violate Mr. McCool's due process right to a hearing, before being deprived of life, liberty or property.

We affirm the order dismissing the writ of certiorari. Additionally, to further preserve the integrity of the court, we direct that a justice pro tempore be designated to preside over the new hearing.

ARMSTRONG, C.J., and PEARSON, J., concur.

Petition for rehearing denied March 31, 1975.

Review denied by Supreme Court April 29, 1975.