[No. 20215–4–I.   Division One.   August 8, 1988.]

MARK L. SPEER, *Appellant,* v. HENRY V. RONEY, *Respondent.*

*Kathryn Jenkins,* for appellant.

*Streator Johnson* and *Symone B. Scales,* for respondent.

SCHOLFIELD, C.J.—The plaintiff, Mark L. Speer, appeals the order granting the defendant, Henry V. Roney, an appeal from the decision of the small claims department of Mercer Island District Court. We reverse.

## FACTS

On or about June 10, 1986, Speer served Roney with a Notice of Small Claim. On the reverse side of the notice were written instructions for appearance in small claims

court. Among those instructions was the following, "If you have a claim against the plaintiff, you may assert a cross–complaint or counterclaim against him." There was no instruction specifying how filing a counterclaim would affect a defendant's right to appeal.

On June 30, 1986, Roney filed an answer and counter-claim. On Wednesday, July 9, 1986, the parties appeared for trial in the Mercer Island District Court Small Claims Department. At the conclusion of the proceeding, Roney requested a ruling so that he might appeal if the ruling was adverse. The court rendered a verdict in favor of Speer and dismissed Roney's counterclaim.

On July 22, 1986, Roney filed a notice of appeal in the Superior Court for King County and in the District Court for Mercer Island. By letter dated July 24, 1986, Roney was notified that his appeal was barred by RCW 12.40.120 because he had filed a counterclaim in the small claims court action. Roney then filed a writ of certiorari in superior court, requesting that the superior court review the Mercer Island District Court's denial of his appeal.

After a hearing on October 15, 1986, the Superior Court ordered that Roney be allowed to appeal the decision of the Mercer Island District Court by trial de novo.

Trial was held, and on March 9, 1987, the Superior Court entered findings, conclusions and judgment in favor of Roney. This appeal timely followed.

### APPEAL FROM SMALL CLAIMS COURT

The issue in this case is whether the superior court has jurisdiction to grant an appeal from a small claims department of a district court, when the party seeking appeal filed a counterclaim, having received no notice that filing a counterclaim would foreclose his right to appeal.

The small claims department of a district court has non-exclusive jurisdiction in cases for the recovery of money where the amount claimed does not exceed $1,000. Former RCW 12.40.010. The Legislature's intent in creating the

small claims department was to provide a forum where litigants could obtain speedy, inexpensive and conclusive justice. *State ex rel. McCool v. Small Claims Court,* 12 Wn. App. 799, 800, 532 P.2d 1191 (1975). *See* RCW 12.40.090, .110. To accomplish that purpose, the Legislature limited the procedural rights afforded a party. The pleadings are informal, and the rules of evidence are relaxed at the hearing. RCW 12.40.080. After a judgment, the party against whom judgment is entered may appeal, only if the adverse judgment is in excess of $100. However, no appeal is permitted by a party who invokes the exercise of small claims jurisdiction. RCW 12.40.120.[1]

The parties agree that by filing a counterclaim, Roney invoked the jurisdiction of the small claims court and, therefore, under a strict reading of RCW 12.40.120, did not have the right to appeal the decision. Roney argues that he was nevertheless properly allowed to appeal because he was denied due process of law when he did not receive notice that filing a counterclaim would foreclose his right to appeal.

█ Important due process rights are tailored in small claims departments to enable the court to function both expeditiously and fairly. *State ex rel. McCool v. Small Claims Court, supra* at 802. Also, although Const. art. 1, § 22 (amend. 10) expressly gives a right of appeal in all criminal cases, no such right is noted in regard to civil cases and none can be inferred. *Housing Auth. v. Saylors,* 87 Wn.2d 732, 557 P.2d 321 (1976). The right of appeal is purely statutory in noncriminal actions. *In re Bellingham,* 52 Wn.2d 497, 326 P.2d 741 (1958). Furthermore, in cases that concern dealings with a governmental entity such as the courts, it is presumed that people know the law. *Hutson v.*

---

[1]Former RCW 12.40.120 provides as follows:

"No appeal shall be permitted from a judgment of the small claims department of the district court where the amount claimed was less than one hundred dollars nor shall any appeal be permitted by a party who requested the exercise of jurisdiction by the small claims department."

*Wenatchee Fed. Sav. & Loan Ass'n*, 22 Wn. App. 91, 98, 588 P.2d 1192 (1978).

██ The law is clear that one who invokes the jurisdiction of the small claims court does not have a right of appeal from that court. RCW 12.40.120. This prohibition applies to both the plaintiff and the defendant. We find no basis in the law to require the court to advise a litigant of this rule. RCW 12.40.060, the section that sets forth the requisites of notice to a defendant in a small claims action, does not require that a defendant be informed that by filing a counterclaim he waives his right to appeal. The notice is calculated to notify the party of the basic nature of the suit. It is not calculated to supply him with all relevant information regarding his rights. In the present case, all of the statutory requisites of notice were met. Courts are not required to give litigants legal advice. This policy applies to small claims courts as well as courts of general jurisdiction.

Accordingly, because the statute proscribes a right of appeal where the court's jurisdiction is invoked, Roney's due process argument fails because he simply did not have a right to an appeal. He therefore has not been denied a right.

Roney also contends that the superior court had equitable jurisdiction to hear the appeal in this case under RCW 2.08.010, which provides that the superior court shall have original jurisdiction in all cases in equity. However, in the present case, the issue involves appellate jurisdiction, not original jurisdiction.

The appellate jurisdiction of the superior courts is defined by Const. art. 4, § 6 (amend. 65), which reads in part:

> [The superior court] shall have such appellate jurisdiction in cases arising in justices' and other inferior courts in their respective counties as may be prescribed by law.

A similar provision is found in RCW 2.08.020. Under the plain terms of this statute, a superior court has no jurisdiction to hear a case on appeal from small claims court unless the right of appeal in such a case has been "prescribed by

law." *See State v. Rear,* 5 Wn.2d 534, 538–39, 105 P.2d 827 (1940).

The statute at issue in the present case provides that only a defendant who has a judgment against him which exceeds $100 and who did not invoke the jurisdiction of the small claims court can appeal from a small claims court decision. Former RCW 12.40.120. The parties do not dispute that Roney invoked the jurisdiction of the small claims court. Accordingly, Roney's right of appeal in the present case has not been "prescribed by law" and, therefore, the superior court did not have appellate jurisdiction.

The superior court judgment in favor of Roney is reversed and the case remanded to the superior court with instructions to reinstate the decision of the Mercer Island District Court Small Claims Department.

GROSSE, J., and WILLIAMS, J. Pro Tem., concur.

Review denied by Supreme Court November 29, 1988.