[No. 56964–9.    En Banc.    July 5, 1990.]

THE STATE OF WASHINGTON, *Petitioner*, v. MICHAEL
HASTINGS, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *Drew Zavatsky, Deputy,* for petitioner.

*Suzanne Lee Elliott* of *Associated Counsel for the Accused,* for respondent.

CALLOW, C.J.—This is an appeal from a criminal conviction in district court which was reversed on review by the Superior Court. The sole question is whether a defendant's consent is necessary before the defendant may be tried by a judge pro tempore in district court. We hold a criminal defendant has neither a constitutional nor a statutory right to insist that his or her consent be given to the authority of a pro tempore judge in district court.

Michael Hastings was charged with driving under the influence of intoxicants pursuant to RCW 46.61.502. Following a bench trial the defendant was found guilty by a judge pro tempore in Aukeen District Court. The defendant was represented by counsel at trial. There is nothing in the record to indicate the defendant consented to his case being heard by a pro tempore judge.

The District Court determined the defendant was eligible for probation after an extensive presentencing report was filed. The imposition of sentence was deferred for 1 year. Conditions of the deferred sentence were, *inter alia,* serving 1 day in the county jail and payment of a $500 fine.

The defendant appealed to the Superior Court for King County pursuant to the Rules for Appeal of Decisions of Courts of Limited Jurisdiction (RALJ). *See* RALJ 2.2; RCW 10.10.010. On appeal, the defendant argued that the District Court judge lacked personal jurisdiction because he, the defendant, did not expressly consent to the authority of the judge pro tempore. The Superior Court, citing Const. art. 4, § 10 (amend. 65) and *State v. Sain,* 34 Wn. App. 553, 663 P.2d 493 (1983), reversed and remanded for a

new trial finding that the consent of the defendant is essential to the authority of a judge pro tempore in district court.

The defendant's argument relies on provisions of the Washington Constitution and on statutes which govern pro tempore judges in superior court. The defendant also argues that he has a constitutional right to have his case heard by an elected judge unless he consents to the authority of a pro tempore judge. The basis of this argument is the statutory requirement that district court commissioners transfer a case to a district court judge upon a motion by one of the parties. *See* RCW 3.42.030.

The defendant contends that the Washington Constitution, article 4, section 10, grants him the substantive right to have his case heard by an elected judge or, alternatively, by a pro tempore judge, with his consent. Const. art. 4, § 10 (amend. 65) provides, in part:

> The legislature shall determine the number of justices of the peace[1] to be elected and shall prescribe by law the powers, duties and jurisdiction of justices of the peace . . .

To further support his argument, the defendant relies on *State v. Sain, supra.* In *Sain,* the defendant's attorney consented to the authority of a pro tempore judge without the client's approval. The Court of Appeals held that while an attorney may waive procedural issues, the attorney may not waive substantive rights without the client's consent. *Sain,* 34 Wn. App. at 557. In reversing the defendant's conviction, the court stated:

> We find the right under Const. art. 4, § 5, to be tried in a court presided over by an elected superior court judge accountable to the electorate, is a substantial right.

*State v. Sain,* 34 Wn. App. at 557.

---

[1]The Court Improvement Act of 1984 converted justices of the peace into the district court system. Laws of 1984, ch. 258. RCW 3.30.015 provides that:

"All references to justices of the peace . . . shall be construed as meaning district judges. All references to justice courts or justice of the peace courts . . . shall be construed as meaning district courts."

The defendant argues that because a pro tempore superior court judge derives his authority based on the consent of the litigants[2] and not from a general election, he is being deprived of a substantial right. To support this argument, the defendant cites *National Bank of Wash. v. McCrillis*, 15 Wn.2d 345, 130 P.2d 901, 144 A.L.R. 1197 (1942).

In *McCrillis*, the court framed the issue as one of jurisdiction which went to the authority of a judge pro tempore in superior court. *McCrillis*, 15 Wn.2d at 353. There, the court journal was silent as to whether the judge pro tempore had either been appointed or agreed upon by the parties. Further, the pro tempore judge had not taken an oath of office.[3] However, the pro tempore judge was officially sworn in 9 days after the hearing on the matter. This court held that consent of the parties to the litigation was essential to the jurisdiction of a judge pro tempore in superior court under both Washington constitutional and statutory law.[4]

In nullifying the judgment against the defendant, the *McCrillis* court held:

> A judge *pro tem.*, under our statute, is appointed to hear one particular case. He does not derive his authority from a general election, nor from an appointment by an executive officer, but his power to act is based upon the consent of the parties litigant to his appointment. A judge *pro tem.*, under our statute, is not a superior court judge, and could make no claim to the office of superior court judge. We are of the opinion that it

---

[2]Const. art. 4, § 7 provides in part:

A case in the superior court may be tried by a judge, pro tempore, who must be a member of the bar, agreed upon in writing by the parties litigant, or their attorneys of record, approved by the court and sworn to try the case.

The language of RCW 2.08.180 which deals with judges pro tempore in superior court is essentially identical to the constitutional provision.

[3]The oath of office is required by statute. *See* Const. art. 4, § 7 (amend. 80), RCW 2.08.180.

[4]The court also considered the issue of de facto pro tempore judges in superior court. However, the issue is not germane to this case.

> clearly appears from the constitutional and statutory provisions that *the* essential element to the valid appointment of a judge *pro tem.* which must exist is the consent of the parties.

*McCrillis,* 15 Wn.2d at 357. The defendant argues that the same rule should be extended to defendants in district court. We decline to adopt the defendant's position.

The two cases cited by the defendant and the present case are distinguishable. First, the cases cited deal with superior courts and their constitutional scheme. Second, the constitution is silent on the issue of pro tempore judges in courts of limited jurisdiction as opposed to the superior court constitutional provision which requires consent of the parties. For superior court pro tempore judges, the Legislature had no option in making consent a jurisdictional element because of the constitutional requirement. *See* Const. art. 4, § 7 (amend. 80). In district court, however, there is no constitutional mandate which requires consent for the pro tempore judge to have personal jurisdiction over the defendant. Thus, the defendant's reliance on *Sain* and *McCrillis* is misplaced.

The defendant further compares the position of pro tempore district court judges with district court commissioners. The defendant relies on RCW 3.42.030 which gives a party the right to have their case heard by an elected district court judge as opposed to a district court commissioner who is not elected. RCW 3.42.030 states:

> Any party may have a case transferred from a district court commissioner to a judge of the same district for hearing, by filing a motion for transfer. The commissioner shall forthwith transfer the case to the judge.

Because district court commissioners are not elected the defendant argues that the statute implicitly recognizes a defendant's right to be heard by a judge accountable to the electorate. The defendant suggests that since pro tempore judges were authorized in 1961, at the same time the Legislature authorized the appointment of district court commissioners, the Legislature implicitly recognized a defendant's right to be heard by a judge accountable to the electorate.

■ The defendant's comparison of the two statutes is unpersuasive. To interpret the statutes as the defendant suggests would require speculation as to what the Legislature meant to do. The Legislature did not explicitly allow a defendant to withhold his consent to the jurisdiction of a pro tempore judge in district court. Our function is to "ascertain what the legislature has done, not to conjecture as to what the legislature could have done or what it might do . . .". *Department of Fisheries v. Chelan Cy. PUD 1,* 91 Wn.2d 378, 382, 588 P.2d 1146 (1979).

The State argues that the Legislature, not the courts, has the sole authority to determine the jurisdiction and powers of inferior courts. The State contends that the Legislature exercised that authority by granting judicial authority to pro tempore judges sitting in district court. *See* RCW 3.34. The State reads RCW 3.34.130(1) as stating the qualifications of a district court pro tempore judge and not as conditioning the authority of a pro tempore judge upon the consent of the litigants.

The qualifications and authorization for appointment of a pro tempore judge in district court are established by statute. RCW 3.34.130(1) provides, in part:

> Each district court shall designate one or more persons as judge pro tempore who shall serve during the temporary absence, disqualification, or incapacity of a district judge. The qualifications of a judge pro tempore shall be the same as for a district judge, except that with respect to RCW 3.34.060(1), the person appointed need only be a registered voter of the state. A judge pro tempore may sit in any district of the county for which he or she is appointed.

The State suggests that the Legislature deliberately excluded the requirement of consent as part of the jurisdictional requirement of RCW 3.34.130(1) because the statute does not expressly require written or oral consent of the parties for a judge to hear the case as a pro tempore judge. The State argues that the court should not read language into a statute which is not there. *See State v. Edwards,* 104

Wn.2d 63, 701 P.2d 508 (1985) (a court will not read additional language into a statute unless it is imperatively required to make the statute rational).

The State cites *Young v. Konz*, 91 Wn.2d 532, 588 P.2d 1360 (1979) (*Young* II)[5] as the leading case on the subject of legislative control over courts of limited jurisdiction. In *Young* II, the issue was whether the State's judicial structure was constitutional insofar as it permitted the utilization of nonattorney judges in courts of limited jurisdiction. The court held that the constitution grants the Legislature sole authority to determine jurisdiction and powers of the district courts. Therefore, use of nonattorney judges, as the Legislature directed, was appropriate and the statutory scheme constitutional. *Young* II, 91 Wn.2d at 540–41.

*Young* II held that:

> Under our state constitution, the people have clearly vested the legislature with the sole authority to prescribe the *jurisdiction and powers*, and implicitly the qualifications, of justices of the peace and such other inferior courts as the legislature may establish.

*Young* II, 91 Wn.2d at 540–41. Thus, the Legislature creates and governs inferior courts. Statutes dealing with judges pro tempore have been held to be jurisdictional. *See In re Eng*, 113 Wn.2d 178, 776 P.2d 1336 (1989). Because these statutes are jurisdictional, it follows that the Legislature has the right to determine whether consent to a pro tempore judge is a necessary element for jurisdiction in inferior courts.

The State argues that the Legislature has acted within the prescribed mandate of the constitution under the provisions of Const. art. 4, § 10 (amend. 65). The State suggests that inferior courts are a legislative creation, as

---

[5] A rehearing was granted in *Young v. Konz*, 88 Wn.2d 276, 558 P.2d 791 (1977) (*Young* I) which is reported at 91 Wn.2d 532, 588 P.2d 1360 (1979) (*Young* II). The holding in *Young* II did not change the outcome of *Young* I. However, the opinion in *Young* II discussed in more detail the authority of the Legislature in regard to inferior courts.

opposed to being constitutionally mandated; thus, the Legislature is the appropriate branch of government to regulate them.

As reviewed in *Young* II, the pertinent constitutional provisions which grant the Legislature sole authority over the inferior courts are as follows:

> The judicial power of the state shall be vested in a supreme court, superior courts, justices of the peace, and such inferior courts *as the legislature may provide.*

(Italics ours.) Const. art. 4, § 1.

> The *legislature* shall determine the number of justices of the peace to be elected and *shall prescribe by law the powers, duties and jurisdiction of justices of the peace: Provided,* That such jurisdiction granted by the legislature shall not trench upon the jurisdiction of superior or other courts of record . . ..

(Italics ours.) Const. art. 4, § 10 (amend. 65). In regard to Const. art. 4, § 10 (amend. 65), this court has held that:

> The authority of the legislature to determine the powers, duties, and jurisdiction of justices of the peace was expressly granted in Art. IV, § 10. Laws governing the qualifications of these officers had been in effect for many years at the time the constitution was adopted.

*Young v. Konz,* 91 Wn.2d 532, 542, 588 P.2d 1360 (1979) (citing *In re Bartz,* 47 Wn.2d 161, 167–68, 287 P.2d 119 (1955)).

> The *legislature shall prescribe by law the jurisdiction and powers* of any of the inferior courts which may be established in pursuance of this Constitution.

(Italics ours.) Const. art. 4, § 12.

These constitutional provisions grant the Legislature sole authority to determine the jurisdiction and powers of the district court. RCW 3.34.130(1) is jurisdictional, and district courts, as inferior courts, are governed by the Legislature. The constitution has vested the Legislature with the sole authority to determine the jurisdiction and powers of inferior courts, and the Legislature has acted within the confines of the constitution.

As stated in *Young* II:

> It seems obvious that within the framework of these [constitutional] provisions, the people, through our constitution, have:

(1) explicitly recognized and accepted justices of the peace as well as such inferior courts *as the legislature may create*; (2) vested such courts with the judicial power of the state; (3) authorized only *the legislature* (aside from the constitutional amendment process) to prescribe the powers, duties and jurisdiction of such courts; (4) established appellate jurisdiction over cases arising from such courts, in the superior courts; and (5) provided that admission to practice law shall be a qualification only for judges of the superior and supreme courts.

*Young v. Konz,* 91 Wn.2d 532, 542, 588 P.2d 1360 (1979).

Although *Young* was concerned with a defendant's right to be heard by a law–trained judge, the principle which guided that case is applicable to the instant case. The principle is that the State Legislature has been vested with:

[T]he sole authority to prescribe the *jurisdiction and powers,* and implicitly the qualifications, of justices of the peace and such other inferior courts as the legislature may establish.

*Young II,* 91 Wn.2d at 540–41. The constitution does not allow a defendant to withhold consent of a pro tempore district court judge, as opposed to the enumerated constitutional and statutory right in superior court. We have recognized the Legislature's sole authority in determining the jurisdiction and powers of inferior courts. We find no reason to change the law in this area. *See Young v. Konz, supra.* The defendant's argument centers around the constitutional and statutory provisions governing superior court pro tempore judges. Although the constitution grants a defendant the right to withhold his consent to a judge pro tempore in superior court, but not in district court, the defendant asks us to read into the constitution and statute that which is not there. This court has held:

"In construing a statute, it is safer always not to add to, or subtract from, the language of the statute unless imperatively required to make it . . . rational . . .".

*State v. Edwards,* 104 Wn.2d 63, 68, 701 P.2d 508 (1985) (citing *State v. Taylor,* 97 Wn.2d 724, 728, 649 P.2d 633 (1982)), *see also McKay v. Department of Labor & Indus.,* 180 Wash. 191, 194, 39 P.2d 997, 98 A.L.R. 990 (1934).

*In re Eng,* 113 Wn.2d 178, 776 P.2d 1336 (1989) discussed the unauthorized use of pro tempore judges in

Seattle Municipal Court. In *Eng,* the City of Seattle was using pro tempore judges as additional judges in municipal court, as opposed to using pro tempore judges to supplement the regularly elected or appointed judges. *Eng,* 113 Wn.2d at 194. We held this practice was violative of the statute which authorized the use of pro tempore judges in municipal court. *See* RCW 35.20.200. In effect the City was using pro tempore judges as full time, unelected judges in Department 7 of its municipal court.[6] This court classified that use of pro tempore judges as "permanent pro tempore judges" exceeded the purpose of the statute. *Eng,* 113 Wn.2d at 195.

*Eng* is dissimilar to the present case. Here the pro tempore judge was acting under the authority of an elected judge. There is no indication that his position could be classified as a "permanent pro tempore judge." Since his authority to act as district court judge was under the authority of an elected judge (unlike *Eng* where the pro tempore judge was sitting in his own right), we hold that the pro tempore judge assumed the proper role.

In addition, the judge met the qualifications set forth in RCW 3.34.060:

> To be eligible to file a declaration of candidacy for and to serve as a district court judge, a person must:
> (1) Be a registered voter of the district court district and electoral district, if any; and
> (2) Be either:
> (a) A lawyer admitted to practice law in the state of Washington; or
> . . . .

The judge in question has met these statutory qualifications and was authorized to hear the case. To hold otherwise would place a restriction on the powers, duty, and jurisdiction of the Legislature in exercising its constitutional authority over inferior courts.

---

[6]*Eng* determined that Department 7 of the Seattle Municipal Court was not validly created and the use of the permanent pro tempore judge abused the provisions allowing for their use. *See* RCW 35.20.200.

The Legislature has had many opportunities to change the district court statute to mirror the superior court statute in regard to judges pro tempore. In response to the issue of nonlaw–trained judges in district court, this court wrote:

> We are satisfied that if the necessity for innovation in this area of the administration of justice is felt by the citizens of this state, the legislature will respond.

*Young* II, 91 Wn.2d at 543.

The constitution grants sole authority in the Legislature to govern the jurisdiction and powers of inferior courts. The constitution places no restrictions on the Legislature in regard to pro tempore judges in inferior courts and we decline to do so. A defendant has neither a constitutional nor statutory right to withhold consent to the authority of a judge pro tempore in a court of limited jurisdiction. The Superior Court is reversed and the District Court's determination of guilt is reinstated.

UTTER, BRACHTENBACH, DOLLIVER, ANDERSEN, DURHAM, SMITH, and GUY, JJ., concur.