[No. 43775-5-I.    Division One.    November 1, 1999.]

WINGS OF THE WORLD, INC., *Appellant*, v. SMALL CLAIMS COURT, *Respondent*.

[31]*See Garcia-Martinez*, 88 Wn. App. at 331.

*Malcolm David Templeton*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Jeffrey Allen Richard, Deputy*, for respondent.

COLEMAN, J. — The primary issue presented in this case is whether the defendant in a small claims proceeding has the right to a jury trial under article I, section 21 of our state constitution. At common law, at the time our constitution was adopted, there was a historical exception to the jury trial right for small monetary claims. For this reason, we conclude that the right does not attach in this context, and we reject the argument that the current small claims procedures are unconstitutional.

The appellant, Wings of the World, also argues that the statutory appeals bond and filing fee requirements conflict with the rules of appeal, unconstitutionally discriminate against indigent appellants, and infringe on its right of access to the appellate courts. Because the small claims appeals requirements are rationally related to the legitimate state goal of providing an inexpensive and conclusive determination of such claims, we hold that the requirements are not unconstitutional. Wings finally argues that the small claims procedures violate its right to be heard by an elected, as opposed to a pro tempore, judge. Our courts have previously rejected similar claims, and we decline to depart from these holdings. We affirm the Superior Court's refusal to grant relief from the small claims judgment below.

## DISCUSSION

This appeal arises out of a small claims suit against the appellant, Wings of the World. After a judgment in the amount of $974.44 was entered against Wings, it moved to

set the judgment aside on the ground that the case was heard by a pro tempore judge without its consent and without the opportunity for a jury trial. The District Court denied the motion. Wings then petitioned the Superior Court for a review of the constitutionality of the small claims court procedures, arguing that the statutory appeals bond, filing fee, and cost requirements unfairly restricted its ability to appeal the small claims judgment. The Superior Court ultimately rejected these arguments, and Wings appealed.

■ We review a trial court's refusal to grant a constitutional writ for abuse of discretion. *Birch Bay Trailer Sales, Inc. v. Whatcom County*, 65 Wn. App. 739, 745 n.6, 829 P.2d 1109 (1992).

Wings first contends that the parties in a small claims proceeding have a constitutional right to a jury trial, relying in part on dicta in *State ex rel. McCool v. Small Claims Court*, 12 Wn. App. 799, 532 P.2d 1191 (1975). In holding that due process rights may be tailored in small claims proceedings to enable the court to function fairly and expeditiously, the court stated:

> For example, the parties have no right to a jury trial in small claims departments. The plaintiff waives the right by his choice of the forum; the defendant's right appears to be satisfied by his right to a trial de novo on appeal. In both instances, neither party is denied due process for they have access to these important rights at *one stage of the proceeding*.

*Id.* at 802-03. Because the small claims statutes currently do not provide for a jury trial on appeal, Wings argues that the statutes are unconstitutional.

■ ■ Article I, section 21 of our state constitution provides: "The right of trial by jury shall remain inviolate[.]" In interpreting this provision, our courts have examined the right as it existed at the time our Constitution was adopted in 1889. *Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135 Wn.2d 255, 266, 956 P.2d 312 (1998); *Auburn Mechanical, Inc. v. Lydig Constr., Inc.*, 89 Wn. App. 893, 897, 951 P.2d 311, *review denied*, 136 Wn.2d 1009

(1998). We look to both the scope of the right, and "whether the cause of action is one to which the right to a jury trial applied in 1889[.]" *Nielson*, 135 Wn.2d at 266 (citing *Sofie v. Fibreboard Corp.*, 112 Wn.2d 636, 645, 771 P.2d 711 (1989)). As our Supreme Court has noted,

> "It is the right to trial by jury as it existed at common law which is preserved; and what that right is, is a purely historical question, a fact which is to be ascertained like any other social, political or legal fact. The right is the historical right enjoyed at the time it was guaranteed by the Constitution. It is necessary, therefore, to ascertain what was the rule of the English common law upon this subject [at that time]."

*State ex rel. Goodner v. Speed*, 96 Wn.2d 838, 841, 640 P.2d 13 (1982) (quoting *People v. One 1941 Chevrolet Coupe*, 37 Cal. 2d 283, 231 P.2d 832 (1951)).

At common law, a historical exception existed to the right to a jury trial for small claims.

> It had been a well established practice in England, and in our early colonial times, that actions for small demands were triable before certain officers having a limited jurisdiction, without a jury . . . . The sum of forty shillings was fixed upon, then and for many years subsequently, as the dividing line between what was petty and insignificant, and what was of importance in point of value.

*Iowa Nat'l Mut. Ins. Co. v. Mitchell*, 305 N.W.2d 724, 727 (Iowa 1981) (quoting JOHN PROFFATT, A TREATISE ON TRIAL BY JURY § 99, 142 (1877)); *see also Crouchman v. Superior Court*, 45 Cal. 3d 1167, 755 P.2d 1075, 248 Cal. Rptr. 626 (1988) ("The principle established by the English common law as it existed in 1850 was that small claims, as legislatively defined within limits reasonably related to the value of money and the cost of litigation in the contemporary economy, were to be resolved expeditiously, without a jury and without recourse to appeal."); Margreth Barrett, *The Constitutional Right to Jury Trial: A Historical Exception for Small Monetary Claims*, 39 HASTINGS L.J. 125 (1987). This small claims exception is reflected in the Seventh

Amendment to the United States Constitution, which by its own terms limits its application to claims over $20.

Wings argues, however, that the territorial statutes in force at the time our constitution was adopted established the right to a jury trial for such claims. The Code of 1881 provided that such actions could be heard in justice courts, whose jurisdiction was limited to claims under $100, and that the parties in such proceedings could demand a jury of six. CODE OF 1881 §§ 1710, 1770-71. We are not persuaded by this argument. In *City of Pasco v. Mace*, 98 Wn.2d 87, 653 P.2d 618 (1982), our Supreme Court considered an analogous issue in the criminal context. In that case, the court held that a defendant in municipal court has the right to a jury trial when charged with a misdemeanor crime. The court observed that although the 1881 Code provided for misdemeanors and municipal offenses to be tried in justice courts with a jury of six,. our courts had, nevertheless, recognized that there is a class of "petty offenses" to which the constitutional guarantee does not apply. *See Pasco*, 98 Wn.2d at 90 (citing *Callan v. Wilson*, 127 U.S. 540, 8 S. Ct. 1301, 32 L. Ed. 223 (1888) and *State ex rel. Belt v. Kennan*, 25 Wash. 621, 66 P. 62 (1901)) (additional citations omitted).[1] In the instant case, we conclude that the Legislature is not divested of authority to provide for the disposition of small monetary claims without a jury trial, when at common law an exception to the right for such claims existed.

Wings next contends that the appeals bond and other filing fee requirements conflict with the rules of appeal and are unconstitutional. The statutes provide that in order to file an appeal and stay a small claims court judgment, a party must post a bond in an amount "equal to twice the amount of the judgment and costs, or twice the amount in

---

[1] In *Kennan*, the court upheld a statute that gave a city's police justice exclusive jurisdiction over violations of city ordinances and provided that such cases would be tried without a jury, stating, "It would seem from an investigation of the authorities that the summary trial and punishment of such petty offenses has been the custom in England since the declaration of Magna Charta, and almost everywhere in the states throughout the Union since the adoption of constitutions similar to ours, preserving the inviolability of the right to trial by jury." *Kennan*, 25 Wash. at 625.

controversy, whichever is greater, conditioned that the appellant will pay any judgment, including costs, as may be rendered on appeal." RCW 12.36.020, .030. Wings first contends that this requirement conflicts with RAP 8.1. The rule provides:

Enforcement of a trial court decision may be stayed through the following procedures:

(1) *Money Judgment.* Except when prohibited by statute, a party may obtain a stay of enforcement of a money judgment by filing a supersedeas bond in the trial court. The amount of the bond shall be the amount of the judgment, plus interest likely to accrue during the pendency of the appeal and attorney fees, costs, and expenses likely to be awarded on appeal.

RAP 8.1(b). The rule does not mandate the particular procedures that are described for posting a bond or the amount given. In fact, the rule states that it is subject to any statutory prohibitions or restrictions on the availability of stays. *See* 3 Lewis H. Orland & Karl B. Tegland, Washington Practice: Rules Practice at 125 (5th ed. 1998). Wings does not provide any further analysis regarding how the statutory bond requirement conflicts with RAP 8.1, and we reject that argument.

■ Wings next contends that the statutory bond requirement affects his right to due process and equal protection because the requirement creates a class of small claims defendants whose ability to appeal an adverse judgment may be limited. Raising similar arguments, Wings contends that the appeals bond and other filing fee requirements affect its rights under the privileges and immunities clause of our state constitution. The state privileges and immunities clause and the federal equal protection clause serve similar purposes and have substantially the same impact on state legislation and thus are interpreted similarly. *Housing Auth. v. Saylors*, 87 Wn.2d 732, 738-39, 557 P.2d 321 (1976).

■ Wings first contends that its right to appeal is fundamental, and thus any limit or restriction on the right

must be strictly scrutinized to determine whether an equal protection or due process violation has occurred. Our courts have held, however, that civil litigants do not have a fundamental right of appeal. *See Ford Motor Co. v. Barrett*, 115 Wn.2d 556, 562, 800 P.2d 367 (1990) ("Access to the courts is not recognized, of itself, as a fundamental right."); *Saylors*, 87 Wn.2d at 741 ("The right of appeal in civil cases, then, if it exists, is one which is granted by the legislature."). Thus, contrary to Wings' assertions, the nature of the restriction does not require the application of a higher standard of review.

■ Wings also contends that the appeals requirements unfairly discriminate against parties on the basis of wealth and that wealth is a suspect or semisuspect classification which receives heightened scrutiny from our courts. But the case law does not support this contention. In examining similar fee requirements, our courts have held that such requirements may be upheld on a rational basis, the lowest level of review. *See Saylors*, 87 Wn.2d at 736-39. Wings does not cite to any authority to support its argument that classifications based on wealth are, as a rule, suspect, and we reject that argument.

■ Absent any implication of a fundamental interest or the use of a suspect classification, the statutory requirements should be reviewed under the rational basis test. *See Gossett v. Farmers Ins. Co.*, 133 Wn.2d 954, 979, 948 P.2d 1264 (1997). Under this test, the challenged statute must be rationally related to a legitimate state interest. *DeYoung v. Providence Med. Ctr.*, 136 Wn.2d 136, 144, 960 P.2d 919 (1998). The party challenging the statute bears the burden of showing that it is purely arbitrary. *Gossett*, 133 Wn.2d at 979 (stating that under this level of scrutiny, a statute will be upheld "unless it rests on grounds wholly irrelevant to the achievement of legitimate state objectives.").

In *Saylors*, our Supreme Court rejected similar challenges to the costs of prosecuting an appeal from an unlawful detainer judgment. The court held that such filing requirements are permissible if they are not disproportion-

ate and if they provide some revenue to assist in offsetting the courts' operating costs. *Saylors*, 87 Wn.2d at 739. In concluding that the fees at issue were not unreasonable, the court stated:

> The appellate courts of the state provide a service for dispute settlement. Like other state services, when they are utilized by private individuals it is not unreasonable to require that some of the cost be borne by those receiving such special benefits. Because of the costs of preparing records, legal services, and briefs—costs which are not imposed by the state or by the court but rather are charges made by other private citizens pursuing their own means of livelihood—the appellate process is expensive. We can safely surmise that many litigants who are not to be classified as indigent are still not affluent enough to afford the luxury of an appeal.

> Whether the public interest requires that the appellate process be more extensively utilized, and whether the public is willing to finance a greater utilization of it, is a question to be resolved by the legislature. It is certain that this court cannot provide for the financing of appeals in every case of probable merit where the appellant is not able to afford the expense of further litigation, absent a legislative appropriation.

*Id*. at 741.

■ Here, the challenged provisions serve the legitimate state interest of ensuring that the small claims departments of the district courts provide "speedy, inexpensive and conclusive justice." *Speer v. Roney*, 52 Wn. App. 120, 122, 758 P.2d 10 (1988). In *Speer*, the defendant argued that even though the statutes did not permit him to appeal the small claims court judgment, the trial court properly allowed his appeal to preserve his due process rights. *Id*. at 122. In rejecting this argument, the court reiterated that "[i]mportant due process rights are tailored in small claims departments to enable the court to function both expeditiously and fairly." *Id*. We conclude that the appeals requirements challenged by Wings are not unconstitutional. Although Wings asserts that the bond and fee requirements would fail a rational basis review, it does not explain why.

Such assertions do not satisfy the burden of a party raising such constitutional challenges, and thus we reject these arguments.

■ Wings finally contends that parties in small claims proceedings have a right to have their claims heard by an elected, as opposed to a pro tempore, judge. But in *State v. Hastings*, 115 Wn.2d 42, 52, 793 P.2d 956 (1990), our Supreme Court held, "A defendant has neither a constitutional nor statutory right to withhold consent to the authority of a judge pro tempore in a court of limited jurisdiction." In so holding, the court observed, "The constitution grants sole authority in the Legislature to govern the jurisdiction and powers of inferior courts. The constitution places no restrictions on the Legislature in regard to pro tempore judges in inferior courts and we decline to do so." *Id.* at 52.

Wings argues that the holding in *Hastings* applies only to cases in which the parties may be heard by an elected judge, citing *Young v. Konz*, 91 Wn.2d 532, 588 P.2d 1360 (1979). In *Young*, the court held that the Legislature has the authority to permit nonlawyer judges to preside over criminal misdemeanor cases in courts of limited jurisdiction. *Id.* at 543. Although *Young* discusses the availability of appeals before lawyer judges, the issue arises in the context of the defendant's claim that nonlawyer judges may commit error and deprive a misdemeanor defendant of a fair trial. *See id.* at 535-39. Wings makes no similar claim with respect to pro tempore judges. Moreover, the *Young* court expressly rejected the argument that the Legislature's authority to set forth the qualifications for judges in the inferior courts is constitutionally limited, stating, "Under our state constitution, the people have clearly vested the legislature with the sole authority to prescribe the *jurisdiction and powers*, and implicitly the qualifications, of justices of the peace and such other inferior courts as the legislature may establish." *Id.* at 540-41. Under this grant of authority, the Legislature is not restricted with regard to

the use of pro tem judges in the district courts. *See Hastings*, 115 Wn.2d at 52. The cases do not indicate that the Legislature's authority is limited in the way Wings suggests, and we reject that argument.

For the reasons discussed above, we affirm the Superior Court's denial of the constitutional writ and deny Wings' request for costs and fees on appeal.

GROSSE and BAKER, JJ., concur.