[No. 20619-0-III.   Division Three.   November 7, 2002.]

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Respondent*, v. DONALD AVERY, ET AL., *Appellants*.

300

*Donald Avery*, pro se.

*Steven M. Cronin* (of *Mullin, Cronin, Casey & Blair, P.S.*), for respondent.

SWEENEY, J. — This is a dispute between a third party claimant and an automobile insurance carrier over the meaning of the terms of a settlement agreement. The claimant signed a full liability release in exchange for $7,500 and continued payment of medical bills, in accordance with the policy's personal injury protection (PIP) clause up to the limits of $35,000. PIP payments were, however, made expressly subject to all policy limitations. And the policy limits medical payments to three years from the date of injury. We agree with the trial judge that, based on the plain language of the settlement agreement and the pertinent provisions of the insurance policy, State Farm was no longer liable for medical expenses beyond three years after the date of the accident. We therefore affirm the summary dismissal of the claim.

## I. FACTS

State Farm Mutual Automobile Insurance Company's insured, Shannon McMillen, struck Douglas Avery, a pedestrian. Douglas was 14 years old. He was injured. Ms. McMillen's policy included personal injury protection. The PIP coverage required payment of reasonable and necessary medical expenses incurred within three years of the accident, up to $35,000. Douglas's father, Don Avery, hired a lawyer and sued Ms. McMillen for damages. State Farm paid for Ms. McMillen's defense pursuant to the policy.

Two years later, in December 1997, Mr. Avery signed an agreement releasing all of Douglas's claims in exchange for $7,500 cash plus continued medical coverage. The key language promises:

> payment of all reasonable and necessary medical bills in accordance with the provisions of Shannon McMillen's personal injury protection policy, including all limitations and exclusions, up to the policy limits of Thirty-Five Thousand ($35,000.00) Dollars, in full payment of all claims of every kind and nature arising out of or associated with [the November 3, 1995 accident].

Clerk's Papers at 92. Mr. Avery was represented by counsel during negotiation and execution of the release. Also, Douglas's court-appointed guardian ad litem approved the settlement. The superior court approved the settlement. The three years for PIP expired on November 3, 1998.

In June 1999, seven months after the three-year limit expired, Mr. Avery sued in small claims court to recover $158.07 for a medical bill State Farm had refused to pay. The court entered judgment in favor of Mr. Avery for $170.84, including costs; State Farm paid.

In August, Mr. Avery again sued State Farm in small claims court for another medical bill, this time for $2,301. This time, State Farm filed a complaint in superior court for a declaratory judgment that it had no obligation under the settlement agreement to pay any medical expenses after November 3, 1998. The action in small claims court was stayed. From this point forward, Mr. Avery appeared pro se. Mr. Avery responded that State Farm's claims had already been judicially determined by the first small claims action. And he counterclaimed for emotional distress and bad faith. He also objected to a Walla Walla County venue.

State Farm moved for summary judgment. Mr. Avery moved to dismiss the motion and filed a detailed response with exhibits. At first, the court denied summary judgment. The court noted Mr. Avery's defenses of improper venue, collateral estoppel, and bad faith. The court also found disputed issues of material fact as to the intended meaning of the settlement language. At Mr. Avery's request, the matter was set for jury trial.

In the course of a pretrial hearing on jury instructions, the court reversed its previous summary judgment ruling. It now ruled that no issue of fact remained for the jury and that State Farm was entitled to judgment as a matter of law. The court explained that the only issue was the interpretation of the settlement agreement, and that the language unambiguously relieved State Farm of liability for medical expenses after November 3, 1998.

Mr. Avery disputed this interpretation and directed the court's attention to the prior small claims judgment. The court ruled from the bench that the small claims judgment had no preclusive effect. The court entered summary judgment for State Farm.

## II. DISCUSSION

### A. PRECLUSIVE EFFECT OF SMALL CLAIMS JUDGMENT

1. *Standard of Review*. When reviewing an order granting summary judgment, we engage in the same inquiry as the trial court. *Barr v. Day*, 124 Wn.2d 318, 324, 879 P.2d 912 (1994) (collateral estoppel).

2. *Collateral Estoppel*. Collateral estoppel, also called issue preclusion, bars relitigation of any issue that was *actually litigated* in a prior lawsuit. *Pederson v. Potter*, 103 Wn. App. 62, 69, 11 P.3d 833 (2000) (citing *Hanson v. City of Snohomish*, 121 Wn.2d 552, 561, 852 P.2d 295 (1993)), *review denied*, 143 Wn.2d 1006 (2001); Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 WASH. L. REV. 805, 812-14 (1985). One of the purposes of issue preclusion is to encourage respect for judicial decisions by ensuring finality. Trautman, *supra*, at 806. Collateral estoppel is an affirmative defense. The party asserting it has the burden of proof. Trautman, *supra*, at 823 (citing *Meder v. CCME Corp.*, 7 Wn. App. 801, 807, 502 P.2d 1252 (1972)). The question is always whether the party to be estopped had a full and fair opportunity to litigate the issue. *Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135 Wn.2d 255, 262, 956 P.2d 312 (1998). And that turns on four primary considerations: whether the identical issue was decided in a prior action; whether the first action resulted in a final judgment on the merits; whether the party against whom preclusion is asserted was a party to that action; and whether application of the doctrine will work an injustice. *Hanson*, 121 Wn.2d at 562; Trautman, *supra*, at 831. State Farm contends (a) that the collateral estoppel defense is precluded by statute; (b) that the small claims

court did not adjudicate the issue of its liability under the settlement agreement; and (c) that preclusion under these facts would work an injustice. We address each challenge in order.

a. Does RCW 12.40.027 operate as an exemption to preclusion?

State Farm filed its declaratory judgment action pursuant to RCW 12.40.027. State Farm contends that this statute expressly immunizes its action in superior court from the defense of issue preclusion.

■ RCW 12.40.027 protects small claims plaintiffs by preventing the defendant from exploiting the limited jurisdiction of the court and forcing removal of the action to superior court simply by filing a counterclaim in excess of the jurisdictional amount. Instead, the defendant may proceed with a separate *simultaneous* action for relief in superior court. The small claims court retains jurisdiction of the original claim and proceeds with it. But any decision will not have preclusive effect on the separate superior court action (most likely heard at a later date). RCW 12.40.027.

But RCW 12.40.027 does not operate to bar the preclusion here. State Farm did not file a counterclaim in Mr. Avery's *first* small claims action. Neither did it file a separate action in superior court for other relief. Instead, State Farm appeared for trial and suffered an adverse final judgment on the merits. Only after Mr. Avery filed his *second* small claims action in August 1999 did State Farm file a separate action in superior court for a declaration of its rights. RCW 12.40.027, therefore, does not avoid the preclusive effect of the first judgment.

b. Was the contract issue essential to the first small claims judgment?

If the issue was essential to the first judgment, it most likely received the attention of the parties and the court. This justifies giving it preclusive effect. Trautman, *supra*, at 833; *Dixon v. Fiat-Roosevelt Motors, Inc.*, 8 Wn. App. 689, 509 P.2d 86 (1973).

■ Mr. Avery contends that interpretation of the settlement agreement was essential to the first judgment and squarely addressed by the court. State Farm disputes this, but does not offer any suggestion as to how the court could have avoided considering the settlement agreement. Mr. Avery's complaint alleged that State Farm owed him money. No basis for this claim existed other than the settlement agreement. Adjudication of the issue was then manifestly essential to the first small claims judgment.

c. Should relitigation be allowed in the interests of justice?

■ We will, nonetheless, not bar relitigation of issues when to do so would work a manifest injustice. Trautman, *supra*, at 839. Indeed, relitigation is barred *only* if it does not work an injustice on the party against whom preclusion is to be applied. *State ex rel. Dean v. Dean*, 56 Wn. App. 377, 380, 783 P.2d 1099 (1989).

However, "injustice" means more than that the prior decision was wrong. When faced with a choice between achieving finality and correcting an erroneous result, we generally opt for finality. *In re Marriage of Brown*, 98 Wn.2d 46, 49, 653 P.2d 602 (1982); *Bull v. Fenich*, 34 Wn. App. 435, 438, 661 P.2d 1012 (1983).

■ In evaluating whether preclusion will serve the ends of justice, we consider the following factors:

i. *Character of the Court.* State Farm contends that the limited jurisdiction of the small claims court means that its judgments are never to be given preclusive effect in superior court. The nature of the prior forum may affect whether collateral estoppel is fair and consistent with public policy in a particular case. Trautman, *supra*, at 825. If the prerequisites are met, however, the judgment of *any court at any level* may preclude further litigation. Trautman, *supra*, at 825 (citing *Sprague v. Adams*, 139 Wash. 510, 520, 247 P. 960 (1926)).

ii. *Scope of Jurisdiction.*[1] State Farm contends that the small claims court lacked jurisdiction to interpret a contract worth up to $35,000. It is, however, the amount actually in controversy, i.e., the amount asked for in the complaint, that determines the amount for jurisdiction purposes. *J&J Drilling, Inc. v. Miller*, 78 Wn. App. 683, 689, 898 P.2d 364 (1995). Here, Mr. Avery's complaint asked for $158.07, a sum well within the jurisdictional limit.

The small claims court is a department of the district court. RCW 12.40.010. The district court is a court of record, vested with all necessary powers. RCW 3.66.010(1). The small claims court possesses all inherent powers that are "essential to its existence and the due administration of justice." *State ex rel. McCool v. Small Claims Court*, 12 Wn. App. 799, 802, 532 P.2d 1191 (1975) (citing *O'Connor v. Matzdorff*, 76 Wn.2d 589, 458 P.2d 154 (1969)).

Small claims courts have nonexclusive jurisdiction in cases for the recovery of money where the amount claimed does not exceed $2,500. Former RCW 12.40.010 (1991).[2]

The small claims court's jurisdiction extends to contract disputes. RCW 3.66.020(1). The judge may "give judgment or make such orders as the judge may deem to be right, just, and equitable for the disposition of the controversy." RCW 12.40.080(3); *see McCool*, 12 Wn. App. at 801.

If Mr. Avery's claim required the court to interpret the contract language, it had the jurisdiction to do so.

The authorities cited by State Farm do not support its contention to the contrary. *Hanson v. City of Snohomish* merely states the criteria for collateral estoppel. *Hanson*, 121 Wn.2d at 562. State Farm also cites to *State Farm Mutual Automobile Insurance Co. v. Amirpanahi.*[3] In that case, a prior arbitration was held not to preclude subse-

---

[1] *See, e.g., Vandenberg v. Superior Court*, 21 Cal. 4th 815, 829, 982 P.2d 229, 237, 88 Cal. Rptr. 2d 366 (1999).

[2] Laws of 2001, ch. 154, § 1 increased the jurisdictional amount from $2,500 to $4,000. The jurisdictional amount in 1999 was $2,500.

[3] 50 Wn. App. 869, 751 P.2d 329 (1988).

quent litigation. This was not because the arbitrator had limited authority, but because he exceeded that authority. *State Farm Mut. Auto. Ins. Co. v. Amirpanahi*, 50 Wn. App. at 871. The opinion reflects the general rule—collateral estoppel does apply to issues resolved in arbitration, if the award is not challenged as a final judgment on the merits. *Id*. at 871-72.

In other examples, the final decree of a probate court was res judicata in a subsequent superior court action in *Norris v. Norris*, 95 Wn.2d 124, 130-31, 622 P.2d 816 (1980). Preclusive effect was also given to a prior small claims judgment against the same defendants for damage to a marital community's automobile in *Landry v. Luscher*, 95 Wn. App. 779, 976 P.2d 1274 (1999). Decisions of administrative tribunals may be given preclusive effect, provided the parties had an adequate opportunity to litigate. *Luisi Truck Lines v. Wash. Utils. & Transp. Comm'n*, 72 Wn.2d 887, 894, 435 P.2d 654 (1967); *State v. Dupard*, 93 Wn.2d 268, 274, 609 P.2d 961 (1980).

The small claims court's limited jurisdiction does not preclude Mr. Avery from asserting issue preclusion as a defense.

iii. *Procedural Informality*.[4] The legislature intended small claims courts to be a forum for speedy, cheap, and conclusive justice. *Speer v. Roney*, 52 Wn. App. 120, 121-22, 758 P.2d 10 (1988). Proceedings, accordingly, are informal. To satisfy due process, however, the defendant must receive notice of the nature and amount of the claim. RCW 12.40.060; *Speer*, 52 Wn. App. at 122.

Here, notice of the claim should have alerted State Farm that Mr. Avery was asserting a claim under the settlement agreement after the three-year limit imposed by the policy. State Farm was then on notice to come to court prepared to assert all available defenses, including lack of jurisdiction and plain language of the contract.

---

[4] *Vandenberg*, 982 P.2d at 237.

Parties are not represented in small claims court. RCW 12.40.080(1). Counsel may not even participate in the defense. RCW 12.40.080(1). State Farm contends this is an important consideration here because of the complexity of the contract issue. Without the assistance of counsel, State Farm contends it did not receive a "full and fair" opportunity to litigate the issue as justice requires.

If lack of counsel triggered the injustice exception in every case, however, no issue would ever be precluded by a small claims judgment. But again, this is not the law. And nothing prevented State Farm's lawyers from doing in the first small claims action what they did in the second—file a simultaneous complaint in superior court to invoke the preclusion protection of RCW 12.40.027.

iv. *Procedural Safeguards, Including Appeal.*[5] No appeal of a small claims court judgment is allowed unless the amount in controversy, exclusive of costs, exceeds $250. RCW 12.40.120. The amount here was $158.07. State Farm had, therefore, no right to appeal.

And for this reason alone, we deny preclusive effect to Mr. Avery's small claims judgment here. Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington*, 60 WASH. L. REV. 805, 827 (1985). Even though an issue was essential to the judgment, was actually litigated, and was embodied in a valid final judgment, we will not deny a party the chance to litigate the issue if it was statutorily denied an opportunity to appeal. RESTATEMENT (SECOND) OF JUDGMENTS § 28(1) & cmt. a (1982). Most jurisdictions follow this rule. *See, e.g., State Farm Fire & Cas. Co. v. Emde*, 706 S.W.2d 543, 546 (Mo. Ct. App. 1986).

State Farm is not then precluded from relitigating its rights under the settlement contract, even though the issue was central to the prior judgment, because the amount in controversy was below the threshold for appealing a judgment.

---

[5] *Vandenberg*, 982 P.2d at 237.

## B. Walla Walla County Venue

Mr. Avery makes a fleeting reference in his pro se brief to his venue challenge. He argued below that the Averys do not reside in Walla Walla County, and the accident did not happen in Walla Walla County. But Mr. Avery himself selected Walla Walla County as the venue. The court then correctly rejected Mr. Avery's objections to venue.

## C. Intent—Continued Medical Coverage

Again without citation to authority, Mr. Avery contends that the intent of these parties as expressed in the contract language is a question of fact. He therefore asserts the right to have a jury decide this question.

Preliminarily, State Farm asks us to decline review of the merits of this issue because Mr. Avery, in his pro se brief, does not support his argument with citation to legal authority. And we are not obliged to review assignments of error or argument that are unsupported by authority. RAP 10.3(a)(5). Pro se litigants are expected to comply with these rules. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

The absence of legal authority does make review difficult. We may nonetheless elect to address an issue that is inadequately briefed. *See, e.g., State v. Berrysmith*, 87 Wn. App. 268, 279, 944 P.2d 397 (1997). And we do so here since the nature of Mr. Avery's objection is apparent. *See State v. Young*, 89 Wn.2d 613, 625, 574 P.2d 1171 (1978).

The question he presents is whether the evidence, viewed in a light most favorable to him, created a disputed material fact. *U.S. Life Credit Life Ins. Co. v. Williams*, 129 Wn.2d 565, 569, 919 P.2d 594 (1996).

State Farm argues that no material factual dispute arises because interpretation of an insurance contract is a matter of law. *N. Pac. Ins. Co. v. Christensen*, 143 Wn.2d 43, 48, 17 P.3d 596 (2001). State Farm continues that unambiguous insurance policy language must be enforced as written, and that summary judgment is appropriate, even if the parties dispute the legal effect of a particular provision. *Allstate Ins. Co. v. Peasley*, 131 Wn.2d 420, 424, 932 P.2d 1244

(1997); *State v. Brown*, 92 Wn. App. 586, 594, 965 P.2d 1102 (1998).

A settlement agreement is not, however, subject to the special rules governing insurance policies. It is an ordinary contract, the construction of which is governed by general contract principles. *Vanderpool v. Grange Ins. Ass'n*, 110 Wn.2d 483, 488, 756 P.2d 111 (1988) (citing *Stottlemyre v. Reed*, 35 Wn. App. 169, 171, 665 P.2d 1383 (1983)); *Nationwide Mut. Fire Ins. Co. v. Watson*, 63 Wn. App. 139, 142, 816 P.2d 1262 (1991), *rev'd on other grounds*, 120 Wn.2d 178, 840 P.2d 851 (1992).

We interpret this contract language to ascertain the intent of the parties. *Berg v. Hudesman*, 115 Wn.2d 657, 663, 801 P.2d 222 (1990). And in doing so we apply an objective manifestation test, looking to the objective acts or manifestations of the parties rather than the unexpressed subjective intent of any party. *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 699, 952 P.2d 590 (1998). Only if the determination of intent depends on the credibility of extrinsic evidence, or a choice among reasonable inferences to be drawn from extrinsic evidence, is it an issue for the trier of fact. *Berg*, 115 Wn.2d at 667-68, adopting *Restatement (Second) of Contracts* § 212(2) (1981).

The language of the settlement agreement here—a release negotiated by able counsel on both sides—does not depend on the credibility of extrinsic evidence. It is subject to a single interpretation. Unambiguously and appropriately, the agreement subjects payment of PIP to the "limitations and exclusions" of the policy. And that policy in turn includes both a dollar limit and a three-year time limit. Mr. Avery wishes to prove that the parties really meant to guarantee payment of medical expenses subject only to the dollar limit of the policy. The admission of extrinsic evidence would thus be for the purpose of varying the terms of the written agreement—not explaining it. The court correctly ruled such evidence inadmissible as a matter of law. *Berg*, 115 Wn.2d at 669-70.

312

## III. CONCLUSION

The judgment of the trial court is affirmed.

KATO, A.C.J., and KURTZ, J., concur.