IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| LYDIA LUTAAYA, | No. 78091-3-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| ADT, LLC, | |
| Respondent, | |
| ADT CORPORATION and ADT SECURITY SERVICES, | |
| Defendants. | FILED: April 15, 2019 |

CHUN, J. — Lydia Lutaaya filed a lawsuit against ADT, LLC, (ADT) alleging a failure to report a security breach and failure to properly protect her. On summary judgment, the trial court dismissed the claim as barred by the one year limitation period set forth in Lutaaya's ADT service contract. We affirm.

I.
BACKGROUND

Lutaaya signed a Residential Services Contract (the Contract) for home security monitoring with ADT in March 2013. In January 2014, Lutaaya began making repeated calls to ADT customer service, claiming somebody had "hacked" her security system. These calls continued through October 2015.

During this time, Lutaaya's account became delinquent. In November 2015, ADT sent Lutaaya a final notice of service interruption due to non-payment.

ADT closed her account in December 2015.

On November 6, 2015, Lutaaya, representing herself, filed a lawsuit alleging ADT collaborated with the Renton Police Department to "hack" her alarm system. The trial court dismissed the lawsuit without prejudice on May 5, 2017 for improper service of process. Lutaaya did not appeal this ruling.

On August 4, 2017, Lutaaya, again representing herself, filed a second lawsuit with the same allegation. In October 2017, Lutaaya requested and received permission from the court to amend the complaint under CR 15(a).

ADT filed for summary judgment claiming the one year limitation period specified in the Contract barred the lawsuit. ADT additionally argued the terms of the Contract limited Lutaaya's damages to $500.[1] After reviewing the evidence and briefing, the trial court granted ADT's summary judgment motion. The trial court determined the Contract's one year limitation period barred the lawsuit and dismissed the complaint with prejudice.[2]

Representing herself, Lutaaya appeals.

## II.
## ANALYSIS

Lutaaya argues the trial court erred by granting summary judgment for ADT.[3] An appellate court reviews de novo an order granting summary judgment

---

[1] ADT also argued for dismissal of ADT Corporation and ADT Security Services as improper parties. ADT Security Services is "a "fictional" d/b/a" and ADT Corporation is a holding company that does not conduct business operations.

[2] The trial court also concluded the limitation of damages clause in the Contract would have limited Lutaaya to $500 recovery, and dismissed all defendants other than ADT, LLC.

[3] As a preliminary matter, we note our expectation that self-represented litigants comply with the procedural rules on appeal. State Farm Mut. Auto Ins. Co. v. Avery, 114 Wn. App. 299, 310, 57 P.3d 300 (2002). Failure to do so may preclude appellate review. State v. Marintorres, 93 Wn. App. 442, 452, 969 P.2d 501 (1999). Lutaaya's briefing falls below the standards set forth in RAP 10.3. For example, she fails to provide legal argument with citations to legal authority as

and performs the same inquiry as the trial court. Owen v. Burlington N. & Santa Fe R.R. Co., 153 Wn.2d 780, 787, 108 P.3d 1220 (2005). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Owen, 153 Wn.2d at 787; CR 56(c). All facts and inferences are viewed in the light most favorable to the non-moving party. Owen, 153 Wn.2d at 787.

ADT presented undisputed evidence that Lutaaya signed the Contract which specified "No suit or action shall be brought against ADT more than one (1) year after the date of the incident that resulted in the loss, injury or damage, or the shortest duration permitted under applicable law if greater than one (1) year." Under Washington law, "[l]imitation of actions provisions in a contract prevail over general statutes of limitations unless prohibited by statute or public policy, or unless they are unreasonable." Ashburn v. Safeco Ins. Co. of Am., 42 Wn. App. 692, 696, 713 P.2d 742 (1986); Adler v. Fred Lind Manor, 153 Wn.2d 331, 356, 103 P.3d 773 (2004). Lutaaya has not provided any argument suggesting the limitation period in the Contract was prohibited or unreasonable.

ADT terminated Lutaaya's service in December 2015. Under the one year limitation period established by the Contract, Lutaaya was required to file her claim by December 2016. However, Lutaaya filed the complaint pertaining to this lawsuit on August 4, 2017. As a result, her claim is barred by the limitation

---

required by RAP 10.3(6). Despite the deficiencies, we may elect to address an issue inadequately briefed. State Farm Mut. Auto Ins. Co., 114 Wn. App. at 310. Given the straightforward nature of the issue on appeal, we consider the merits of Lutaaya's claim.

No. 78091-3-I/4

provision.  ADT was entitled to a judgment as a matter of law.  The trial court did not err in dismissing Lutaaya's claim on summary judgment.

Affirmed.

_Chun, J._

WE CONCUR:

_Andrus, J._                              _Schindler, J._